CARROL, DONALD K., Chief Judge.
The defendants in a suit for a declaratory decree have appealed from an adverse final decree entered by the Circuit Court for Duval County.
Succinctly stated, the facts established in the record are as follows :
On February 11, 1960, the plaintiffs, Ira Blalock and his wife, Ula T. Blalock, and the defendant K. M. Lasseter, Sr., entered into an agreement under which they undertook to purchase certain real property for $100,000 from the Atlantic Beach Holding Company. On the same day they borrowed $28,000 from a Jacksonville bank upon a promissory note signed by the three mentioned parties. This note, with six per cent interest, was secured by a mortgage and mortgage note payable to the plaintiffs, which instruments were assigned by the plaintiffs to the bank for this purpose. On the following day the three parties paid $28,000, the proceeds of this bank note, to the said company, together with $1,000 of Lasseter’s own money which he had previously deposited for an option on the property. The said three parties and Lasseter’s wife, the defendant Evelyn H. Lasseter, then executed a purchase-money mortgage covering the property and a mortgage note in the amount of $71,000 for the balance of the purchase price, in exchange for a deed to the lands from the said company.
When the Blalocks and Mr. Lasseter entered into the agreement of February 11, 1960, they evidently believed that they had a purchaser for the property lined up for a sale at a substantial profit, but the anticipated sale failed to materialize. Interest on the bank note accumulated in the amount of $1,138.68, and the plaintiffs demanded that the defendants contribute one-half of this interest. Upon the defendants’ refusal to do so the plaintiffs paid the entire amount of the said interest. When, on September 12, 1960, the bank demanded payment of the note, the defendants refused to pay any part of it and the plaintiffs then paid the bank $28,000, the principal amount of the note.
On October 24, 1960, the plaintiffs filed their complaint, substantially alleging the above facts.
The opening sentence of their complaint states that the plaintiffs “ * * * bring this action for a Declaratory Judgment against the Defendants herein. * * * ” and the complaint concludes with the following prayer:
“WHEREFORE, Plaintiffs pray this Honorable Court to take jurisdiction of *728 this cause and of the parties hereto and to determine this controversy, and to determine the rights and privileges of the parties hereto and their interest in and to the real property herein and the rights and obligations each to the other.”
After a final hearing at which, by agreement of counsel, the cause was submitted to the court for disposition upon the undisputed facts set forth and contained in the pleadings, depositions, and documents made a part of the record, the court on February 9, 1961, entered its “Declaratory Decree,” appealed from herein, finding that in equity the defendants are obligated to pay to the plaintiff Ira Blalock the sum of $14,000, plus interest from March 1, 1960, “to make Ira Blalock whole and prevent the unjust enrichment of K. M. Lasseter, Sr.” and finding that the plaintiffs are entitled to a lien for the said sum with such interest against the one-half fee simple title or interest that the defendants now own in the lands in question. The court then ordered that the defendants pay to the plaintiffs at their attorney’s office before “twelve o’clock in the forenoon on Friday, February 10, 1961” the sum of $14,-000, together with such interest, “in full satisfaction of the lien of said Plaintiffs heretofore herein determined.” The next paragraph of the decree is as follows:
“2. In the event that said Defendants fail to pay said sums as above set forth, then in that event, the Clerk of this Court is hereby ordered to sell the interest of the Defendants, K. M. Las-seter, Sr., and Evelyn H. Lasseter, his wife, in the lands herein described at public sale to the highest bidder for cash between the hours of 11:00 o’clock in the forenoon and 2:00 o’clock in the afternoon on Monday, February 27, 1961, in the same manner as though the same were a sale of mortgaged lands as provided by the provisions of Section 702.02, Florida Statutes 1959. Plaintiffs may bid at such sale up to the amount of their lien, such bid as they desire to make without being required to deposit the amount of such bid with the Clerk of this Court.”
In the last paragraph of this decree the court expressly retains jurisdiction of the cause and the parties
“ * * * for the purpose of fully carrying out the terms of this Decree and for the purpose of determining the existence of and the method of enforcing a lien in favor of the Plaintiffs and against the Defendants for one-half of any payments of principal and/or interest hereinafter made by said Plaintiffs on account of the purchase money mortgage executed by the parties hereto to Atlantic Beach Holding Company * * $ }>
We think there is sufficient evidence to-support the court’s findings that the defendants are obligated to the plaintiffs in the amount of $14,000 plus interest and that the plaintiffs are entitled to a lien to the-extent of that obligation on the interest of the defendants in the subject lands. However, we are of the opinion that the court exceeded its authority when it in effect ordered the foreclosure and enforcement of that lien.
The plaintiffs’ complaint expressly sought from the court a declaratory decree and prayed only for a determination of the rights, privileges, interests, and obligations, of the parties to the suit. The plaintiffs’ suit was undisputably filed pursuant to the-provisions of Chapter 87, Florida Statutes,. F.S.A., vesting the circuit courts of this-state with authority and original jurisdiction, upon a filed complaint, to declare rights,, status, and other equitable or legal relations.
The plaintiffs, by thus praying only for a declaration, failed to take advantage of the-provisions of Section 87.01, Florida Statutes,. F.S.A., which provides in pertinent part:
“Any person seeking a declaratory decree, judgment or order may, in ad *729 •dition to praying for a circuit court declaration, also pray for additional, ■alternative, coercive, subsequent or supplemental relief in the same action.”
At no time before the declaratory decree was entered did the plaintiffs move for leave to amend their complaint to include an additional prayer for relief, nor was any such ■amendment made.
One other statutory avenue of relief was •open to the plaintiffs if they wished relief in addition to the declaration of rights— through the following provisions of Section 87.07, Florida Statutes, F.S.A., which reads:
“87.07 Supplemental relief. — Further relief based on a declaratory decree, judgment or order may be granted whenever necessary or proper. The application therefor shall be by petition to the circuit court having jurisdiction to grant the relief. If the application be deemed sufficient, the circuit court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by the declaratory decree, judgment or order, to show cause why further relief should not be granted forthwith.”
If this procedure had been followed by the plaintiffs, of course, the defendants would have been given a reasonable notice and opportunity to show to the court why the further relief of the foreclosure and enforcement of the plaintiffs’ lien should not be granted.
In their appeal brief the appellants-defendants argue earnestly that their counsel could not have reasonably anticipated further legal proceedings by the plaintiffs, based on the court’s declaration of rights, in which proceedings the defendants would have a full opportunity to defend; “otherwise no lawyer would go to final decree on the whole basket with this skeletal record.” They reduce this argument to constitutional grounds by contending that “the relief finally granted was completely outside the scope of the allegations and prayer of the complaint, and actually violated fundamental requirements of due process which contemplates notice of the scope of the proceedings.”
We agree that the defendants were entitled to notice that the plaintiffs were seeking the additional relief of lien foreclosure and enforcement before such relief could properly be granted in a suit for a declaratory decree.
Our conclusion is that the Circuit Court was authorized on this record to make its declaration of rights as set forth in the declaratory decree but exceeded its authority in that portion of the decree in which the court ordered in effect the foreclosure and enforcement of the lien declared to exist.
The other points raised by the appellants on this appeal have been considered by this court and found without merit.
The final decree appealed from is reversed as to that portion providing for the foreclosure and enforcement of the plaintiffs’ lien, and the decree is otherwise affirmed. The cause is remanded for further proceedings consistent with the views herein expressed.
Affirmed in part and reversed in part.
STURGIS and WIGGINTON, JJ., concur.