BARKDULL, Chief Judge.
The appellant, defendant in the trial court, appeals an adverse summary final decree which adjudicated that certain enactments of the Republic of Cuba are contrary to the public policy of the State of Florida and, as such, would not be enforceable against any rights that the appellee-plaintiff was seeking under insurance policies issued by the appellant.
This cause was previously before the court in the case of Sun Life Assurance Company of Canada v. Klawans, Fla.App. 1961, 137 So.2d 230, wherein this court affirmed the action of the chancellor in denying a motion to dismiss and issuing a temporary injunction restraining the appellant from paying the cash surrender value of the various policies to the Cuban government.
The action was instituted in the trial court in the nature of a declaratory decree suit, seeking certain ancillary relief injunctive in nature. The prayers of the complaint were to enjoin the payment of any proceeds under the policies to the Cuban government, pending the suit and, second, that the court enter a declaratory decree adjudicating that certain orders and laws of the Cuban government (designed to entitle Cuba rather than the insured to receive payments under the policies) were of no force and effect to prevent or excuse the defendant from paying to the plaintiff any monies due and owing under said policies. It appears that various requests for admissions were filed and answers thereto. Thereafter, the appellee-plaintiff moved for a summary decree “granting the prayers of the complaint on the ground that there is no genuine issue as to any material fact, as is reflected by the sworn Complaint, admissions made in the Answer of the defendant and plaintiff’s Affidavit supporting this Motion.”. The matter came on for summary hearing and the court entered the final decree here under review, in which decree the plaintiff was granted all of the declaratory relief which he sought by the prayers to his complaint. In addition, it awarded the plaintiff a money judgment for the cash surrender value of the policies, plus attorney’s fees allegedly in accordance with Sec. 627.0127, Fla.Stat., F.S.A. The appellant has filed a number of assignments of error directed to the entry of the declaratory decree and, in particular, the awarding of the money judgment for the cash surrender value of the policies and the award of attorney’s fees.
So much of the decree as granted to the plaintiff a declaration of his rights under the policies and holding that the insured was entitled to enforce the contract provisions of the policies in the Florida Court, be and the same is hereby affirmed. Compare Banco Nacional de Cuba v. Sabbatino, (D.C.N.Y.1961), 193 F.Supp. 375, (2d Cir. *704 1962) 307 F.2d 845; Rodrigues v. Pan American Life Insurance Company, (5th Cir.1962), 311 F.2d 429. However, it appears that the chancellor was premature in entering a money judgment for the cash surrender value of the policies and in awarding attorney’s fees.[1] It was incumbent upon the plaintiff [following the securing of a declaration of rights] to file a petition pursuant to the provisions of § 87.-07, Fla.Stat., F.S.A. Upon such a petition an order to show cause should issue, so that the defendant would be fully apprised of the declaratory decree rendered by the chancellor and give it an opportunity to meet any issue which might be raised as a result of said declaration of rights. In this connection see: Garden Suburbs Golf & Country Club v. Pruitt, 156 Fla. 825, 24 So.2d 898, 170 A.L.R. 1107, Lasseter v. Blalock, Fla.App. 1962, 139 So.2d 726.
Therefore, the summary declaratory decree rendered by the chancellor is affirmed, except that portion of the decree awarding the cash surrender value of the policies and attorney’s fees, as to which it is reversed; and this matter is remanded to the chancellor for further proceedings not inconsistent with this opinion.
Affirmed in part, and reversed in part with directions.
PER CURIAM.
WHEREAS, the judgment of this court was entered on September 25, 1963 (Crown Life Insurance Co. v. Calvo, Fla.App., 151 So.2d 687) affirming in part and reversing in part, with directions, the summary final decree of the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, in the above styled cause; and
WHEREAS, on review of this court’s judgment, by certiorari, the Supreme Court ■of Florida by its opinion and judgment filed March 25, 1964 (- So.2d —) and mandate dated April 24, 1964, now lodged in this court, quashed this court’s judgment and remanded the cause for disposition not inconsistent with the views expressed in the opinion and judgment of the Supreme Court of Florida in the case of Confederation Life Insurance Company v. Ugalde (164 So.2d 1), opinion filed February 24, 1964:
Now, therefore, it is Ordered that so much of this court’s opinion and judgment filed September 25, 1963, that is in conflict with the said opinion and judgment of the Supreme Court of Florida in this cause and in the Ugalde case, supra, is hereby vacated, the judgment appealed is reversed and the cause is remanded to the Circuit Court with directions to dismiss the complaint; costs allowed shall be taxed in the Circuit Court (Rule 3.16, subd. b, F.A.R., 31 F.S.A.).

 As to the amount of the judgment, if any to be entered upon remand of this case, it would appear that the amount of said judgment would be controlled by the principles announced in Confederation Life Association v. Ugalde, Fla.App.1963, 151 So.2d 315; and in Crown Life Insurance Company v. Calvo, Fla.App.1963, 151 So. 2d 687.