504 So.2d 1374 (1987)
BOARD OF REGENTS of the State of Florida, Appellant,
v.
STINSON-HEAD, INC., Appellee.
No. 4-86-2129.
District Court of Appeal of Florida, Fourth District.
April 8, 1987.
Gregg A. Gleason, Tallahassee, for appellant.
J. Michael Burman and Gary Russo of Slawson & Burman, North Palm Beach, for appellee.
DOWNEY, Judge.
Appellant, Board of Regents of the State of Florida (Board), and appellee, Stinson-Head, Inc. (Stinson), entered into a construction agreement whereby Stinson would build an addition to the library on the campus of Florida Atlantic University. After work had begun on the project, Stinson made a claim for an additional $585,154.89 and time extension of 145 days due to incompatibilities in the specifications and drawings. The project architects denied the claim, declaring the claim untimely. Stinson filed an action for declaratory relief with the circuit court pursuant to Chapter 86 of the Florida Statutes on December 19, 1985. Since the agreement provided for arbitration under both the American Arbitration Association and the Arbitration Code (Chapter 682, Florida Statutes), Stinson *1375 requested the court to resolve the conflict and determine who would be responsible for the administration of the arbitration, and where the petition for arbitration should be filed.
When the Board failed to answer the complaint a default was entered against it and Stinson moved for entry of a final judgment pursuant to the default under Florida Rule of Civil Procedure 1.500(e). Appellant took no action to set aside the default as provided in Florida Rule of Civil Procedure 1.500(d). Final judgment was ordered on August 11, 1986, declaring that arbitration would be held pursuant to Chapter 682, Florida Statutes, the Arbitration Code. The court further declared any issues of whether the Notice of Petition for Arbitration or Notice of Claim was timely filed or properly filed are resolved against the defendant, Board, because of its default and ordered that, within thirty days, arbitrators must be chosen and a date for arbitration must be set. From said judgment this appeal was perfected.
The Board contends on appeal that, pursuant to its default, Stinson was entitled to a judgment granting the relief prayed for in its complaint, i.e., a designation of the appropriate arbitration forum and the venue for filing the petition for arbitration  nothing more. Thus, the Board argues, when the judgment purported to decide additional issues such as the timeliness of the notice of arbitration and directed the parties to choose arbitrators by a specific date, the court exceeded its authority under the pleadings presented. The power of the court upon default has been described as follows:
A default admits liability as claimed in the pleading by the party seeking affirmative relief against the party in default. It operates as an admission of the truth of the well pleaded allegations of the pleading, except those concerning damages. It does not admit facts not pleaded, not properly pleaded or conclusions of law. Fair inferences will be made from the pleadings, but forced inferences will not be made. The party seeking affirmative relief may not be granted relief that is not supported by the pleadings or by substantive law applicable to the pleadings. A party in default may rely on these limitations. If the party seeking affirmative relief wants to assert a new additional claim, it must be served on the party in default in the same manner as the initial pleading and he must be given an opportunity to defend against the claim. The effect of the admissions made by the entry of a default is for purposes of the pending action only. [Emphasis added.]
H. Trawick, Trawick's Florida Practice and Procedure § 25-4 (1986 ed.)
Further relief not contained in the prayer of the complaint can be had pursuant to section 86.061, Florida Statutes (1985), but the application therefor must be made by motion and notice to the defendant in the declaratory relief action via a rule to show cause. See Lasseter v. Blalock, 139 So.2d 726 (Fla. 1st DCA z1962). As the court said in Lasseter:
One other statutory avenue of relief was open to the plaintiffs if they wished relief in addition to the declaration of rights  through the following provisions of Section 87.07 [now 86.061, Florida Statutes] Florida Statutes, F.S.A., which reads:
"87.07 Supplemental relief.  Further relief based on a declaratory decree, judgment or order may be granted whenever necessary or proper. The application therefor shall be by petition to the circuit court having jurisdiction to grant the relief. If the application be deemed sufficient, the circuit court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by the declaratory decree, judgment or order, to show cause why further relief should not be granted forthwith."
If this procedure had been followed by the plaintiffs, of course, the defendants would have been given a reasonable notice and opportunity to show to the court why the further relief ... should not be granted.
*1376 Id. at 729. See also Garden Suburban Golf & Country Club v. Pruitt, 156 Fla. 825, 24 So.2d 898 (1946).
Finally, in Freeman v. Freeman, 447 So.2d 963, 964 (Fla. 1st DCA 1984), the court held:
A defendant against whom a default is entered admits only the well pleaded facts and acquiesces only in the relief specifically prayed for... . The award of the relief not sought by the pleadings is error. The jurisdiction of the court can be exercised only within the scope of the pleadings.
(Emphasis added; citations omitted.)
Accordingly, that part of the judgment complained of that was not included within the complaint is reversed and the cause is remanded to the trial court for further proceedings.
HERSEY, C.J., and GUNTHER, J., concur.