PER CURIAM.
The appeal arises out of an action in interpleader. The law firm of Harris, Ku-key & Helgesen, acting as escrow agent for Garry Gough and The Rafel Industrial Group Ltd., was given 50,000 shares of stock to hold for disbursement. When a dispute developed between Gough and Raf-el over the stock, the law firm filed a complaint in interpleader and asked the court to require the defendants to litigate between themselves their rights to the stock. Gough was served and filed an answer, but Rafel defaulted. Subsequently, both Gough and Rafel filed motions for judgment of interpleader. Gough’s motion for judgment requested, “that this Court enter its order granting interpleader and requiring that the Defendants interplead and litigate their claims between themselves.” Thereafter the trial court' entered Judgment of Interpleader and discharged the law firm. However the court also went further and entered a Final Interpleader Judgment awarding the stock to Gough because Rafel had defaulted by failing to file an answer. Rafel filed a motion to set aside the default and Final Judgment, which motion was denied. Rafel appeals. We reverse in part and affirm in part and remand.
A court is empowered to default a person only to the extent of the relief requested. See generally, H. Trawick, Trawick’s Florida Practice and Procedure, section 25 (1987). Here the only relief requested by either the law firm or Gough was that the two defendants be required to litigate which of them was entitled to the funds. The default which the trial court entered was broader than that; it not only determined that the interpleader complaint was proper, it also determined which of the two defendants was entitled to the property. Although the initial default obtained by the law firm was proper, the stakeholders should then have been required to plead and litigate the issue of entitlement to the res. Azelton v. Finch, 390 So.2d 119 (Fla. 4th DCA 1980.)
Additionally, we note that the fact that the stocks have been disbursed does not moot the issue of entitlement to the res. The issues raised in an appeal are not mooted by the trial court’s enforcement of the final judgment pending appeal. The appellant’s rights are not abolished merely because the underlying property on which an appeal is based has been destroyed before the reviewing court renders its judgment. See Longergan v. Lippman, 406 So.2d 1124 (Fla. 1st DCA 1982.)
*1176 Accordingly we affirm the default entered in favor of the law firm; reverse the default entered in favor of Gough which deals with the issue of entitlement to the res; and remand for further consistent proceedings.
ANSTEAD, WALDEN and POLEN, JJ., concur.