HERSEY, Chief Judge.
This appeal concerns an order denying a motion to vacate a default. The trial court declined to accept appellants’ explanation for their failure to file a responsive pleading ■ as “excusable neglect.” We agree, based upon the rationale of Somero v. Hendry General Hosp., 467 So.2d 1103 (Fla. 4th DCA), rev. denied, Hayslip v. Somero, 476 So.2d 674 (Fla.1985). The affidavit appellants submitted to the trial court failed to “allege ultimate facts so that the trial judge [could] determine the neglect in question was excusable....” Tremblay v. March, 378 So.2d 855, 856 (Fla. 4th DCA 1979), cert. denied, 389 So.2d 1116 (Fla.1980). It is not satisfactory to provide such explanation for the first time at the appellate level. See Farish v. Lum’s, Inc., 267 So.2d 325 (Fla.1972).
Appellants further suggest that reversal is required because the complaint fails to state a cause of action. It is true that a “default judgment must be reversed if founded upon a complaint insufficient to form a legal basis for the judgment.” Abrams v. Paul, 453 So.2d 826, 830 (Fla. 1st DCA 1984), (Zehmer, J., concurring in part and dissenting in part). See also Board of Regents v. Stinson-Head, Inc., 504 So.2d 1374 (Fla. 4th DCA 1987). However, there has been no default judgment entered in this case and appellants’ argument is therefore premature.
AFFIRMED.
WALDEN and POLEN, JJ., concur.