622 So.2d 1154 (1993)
Ronald S. ELLISH, Appellant,
v.
Bill RICHARD d/b/a Richard Painting, et al., Appellees.
No. 92-0450.
District Court of Appeal of Florida, Fourth District.
August 18, 1993.
William L. Epstein of Broad and Cassel, West Palm Beach, for appellant.
Peter M. Feaman of Arnstein & Lehr, West Palm Beach, and Michael H. Gora of Hodgson, Russ, Andrews Woods & Goodyear, Boca Raton, for appellee  Bill Richard d/b/a Richard Painting.
DELL, Chief Judge.
Ronald S. Ellish, individually, appeals from a final order that granted Appellee Bill Richard d/b/a Richard Painting's motion for rehearing and entered a default final judgment against appellant in the amount of $33,166. Appellant contends the underlying amended complaint upon which the trial court based its judgment did not contain sufficient allegations to sustain an award of damages for fraud. We reverse.
Appellee was engaged in the business of painting residential homes. He entered into a series of contracts with Ellish Builders, Inc., and Ellish of Woodfield, Inc., to paint certain homes. Upon completion of his work, appellee filed claims of lien against the homes and submitted bills to the two corporations. Subsequently, appellant executed six seller's affidavits to the purchasers of the homes attesting there were no outstanding claims or existing mechanic's liens against the homes. Appellee initially sued Ellish Builders, Inc., and the various homeowners to foreclose its liens and sued Ellish Builders, Inc., for breach of contract. In his amended complaint, appellee brought a claim against appellant, individually, for fraud.
The pertinent allegations of the amended complaint were as follows:
5. Defendant, RONALD S. ELLISH, at all times material hereto, was and is an individual residing in Palm Beach County, Florida.
....
113. Despite Defendants, ELLISH BUILDERS and ELLISH AT WOODFIELD's knowledge of the aforesaid unpaid bills and/or claims and despite their knowledge of existing mechanic's liens against the aforesaid properties, RONALD S. ELLISH, as President of ELLISH AT WOODFIELD, INC. and as President of ELLISH BUILDERS, INC., executed Seller's Affidavits attesting that there were no mechanic's liens *1155 against said properties and that there were no unpaid bills or claims outstanding for labor or material incident to the construction, repairing, renovating or improving of the aforesaid real properties or the buildings and improvements located upon said properties. Copies of the six (6) Seller's Affidavits are attached hereto as Composite Exhibit 15.
114. The contents of each of the aforesaid Seller's Affidavits are false. Further, RONALD S. ELLISH knew that the contents of each of the Seller's Affidavits were false when he executed the Affidavits. RONALD S. ELLISH executed the aforesaid Affidavits with the intent that prospective purchasers of the subject properties rely upon the content of said Affidavits and purchase the subject properties.

115. The prospective purchasers' reliance upon the aforesaid Affidavits was reasonable. In reliance upon the aforesaid Affidavits, the aforesaid individuals purchased the properties from the Defendants, ELLISH BUILDERS or ELLISH AT WOODFIELD.
116. As a result of the aforesaid misrepresentations, Plaintiff has been damaged, including but not limited to the amounts of the bills which remain due and payable to Plaintiff from ELLISH BUILDERS and ELLISH AT WOODFIELD.
(Emphasis added). Appellant failed to answer the amended complaint and the clerk entered a default. The trial court subsequently entered a default judgment against him as to liability only and reserved the issue of damages for a later hearing.
After a hearing on damages, the trial court correctly determined that appellee failed to allege damages as a result of his own reliance upon false statements made by appellant, did not rely upon the seller's affidavits and failed to plead or prove he suffered any damages as a result of the false seller's affidavits allegedly executed by appellant. Consequently, the trial court denied appellee's claim against appellant. The trial court, however, granted appellee's motion for rehearing and found that at the time appellee entered into the contracts, he could have reasonably relied upon an "implied representation" that no false seller's affidavits would be executed. The trial court then entered an amended final judgment against appellant in the amount of $33,166. Appellant contends the amended complaint does not allege he made an implied representation that no false seller's affidavits would be executed nor does it allege appellee suffered damages as a result of such an implied representation. We agree.
Appellee correctly argues a party against whom a default judgment is entered admits all well-pleaded facts as true. However, it is well established a default judgment for damages cannot be affirmed where the underlying complaint does not contain sufficient allegations to sustain the claim of damage. In North American Accident Insurance Co. v. Moreland, 60 Fla. 153, 53 So. 635 (1910), the supreme court stated:
A judgment by default properly entered against parties sui juris operates as an admission by the defendants of the truth of the definite and certain allegations and the fair inferences and conclusions of fact to be drawn from the allegations of the declaration. Conclusions of law, and facts not well pleaded, and forced inferences are not admitted by a default judgment. If the allegations and the fair inferences from the allegations state a cause of action in favor of the plaintiffs, the allegations as to the right of action are taken to be true. Whether the admitted allegations state a cause of action is for the court to determine.
A judgment by default entitles the plaintiff to the relief for which a proper predicate has been laid in the declaration. If the allegations of the declaration do not form a legal basis for the judgment recovered, it will be reversed on appeal.
Id., 53 So. at 637 (citations omitted). See also DeCarlo v. Hubbard, 571 So.2d 82 (Fla. 4th DCA 1990); Rafel Indus. Group Ltd. v. Gough, 556 So.2d 1174 (Fla. 4th DCA 1990); Board of Regents v. StinsonHead, Inc., 504 So.2d 1374 (Fla. 4th DCA *1156 1987). Accordingly, we reverse the trial court's order granting appellee's motion for rehearing and entering a default judgment against appellant.
REVERSED.
WARNER and KLEIN, JJ., concur.