TAYLOR, J.
 

 Appellants, beneficiaries of a land trust, appeal a post-judgment order granting ap-pellees’ motion to amend the final judgment and approving a new agreement for the sale of trust property. We agree that for the relief sought, appellees were required to file either a new action or supplement pleadings pursuant to Florida Rule of Civil Procedure 1.110(h). We therefore reverse and remand for further proceedings.
 

 This case involves a proposed sale of trust property. The sole trust asset is a trailer park. Appellees, the trustee and one beneficiary (Sandra Dee Yawt), wanted the sale to be approved by the court, while appellants, the other three beneficiaries, opposed the sale. The case began as an action filed by the trustee to terminate the trust and establish and enforce a lien on the property for the payment of fees. Appellee Yawt filed a counterclaim and cross-claim, essentially seeking to have herself appointed as successor trustee and authorized to sell the property. Appellants defaulted as to the main claim filed by the trustee.
 

 On August 11, 2008, the trial court entered an order granting appellees’ joint motion for authority to sell the trust’s real property. On November 12, 2008, the trial court entered its Final Judgment on Default. It awarded the trustee $150,000 in fees to be paid from the trust upon the sale of the subject property. A lien in that amount was placed on the property. The final judgment approved the trustee’s final accounting and authorized the trustee “to complete the sale of the Wilton Manors Property to PGH Holdings, under the purchase and sale agreement authorized by the Court by order dated August 11, 2008.”
 

 After the final judgment was entered, the purchaser for the property received
 
 *219
 
 the results of its environmental inspection of the property and declined to close under the approved agreement. The trustee and potential purchaser negotiated and entered into a new contract, which significantly reduced the purchase price and extended the closing date. Appellees sought court approval or ratification of the new agreement by filing an unsworn “Petition for Approval of Amended Contract.” It alleged,
 
 inter alia:
 

 4) In performing due diligence and environmental inspections of the property, it has been discovered that certain negative environmental factors exist which will require that remediation will be performed to bring the property into a state where it can be properly developed.
 

 5) Due to the significant cost of this remediation along with other factors, it has been necessary for the parties to enter into an amended contract, which reduces the purchase price previously approved by the Court. All parties to the original contract have executed the amendment to the contract which is attached as Exhibit “A” to this agreement.
 

 The petition indicated that it was served on appellants by mail on March 31, 2009.
 

 The trial court held a hearing on the petition on April 14, 2009. Appellants were represented by counsel at this hearing. Counsel for appellees argued that appellants, as “defaulted defendants,” had no standing unless or until they got relief from their defaults. Counsel for appellants, Stephen Zimmerman, argued that the final judgment did not reserve jurisdiction for the court to approve a new agreement; appellees thus needed to file a new action, or at a minimum, supplemental pleadings, with service on appellants, and afford appellants an opportunity for discovery and an evidentiary hearing on the relief they sought. He argued as follows:
 

 MR. ZIMMERMAN: ... the default was disposed of pursuant to the final judgment. The petitioning parties are now asking for additional relief, something that was not asked for in the complaint and was not with the judgment and therefore the default if it existed and if it was entered properly cannot prevent our clients from asserting their position in this case because they’re not in default of the current proceeding.
 

 The current proceeding that’s before the Court right now was initiated by a motion in a case that’s already closed and then by only a couple of days notice without even a chance to respond. We’re not even having an evidentiary hearing, we’re just having attorneys argue about this, so it’s entirely inappropriate for the Court to dispose of this matter in a summary way like this without an evidentiary hearing, without a new case being filed, without a pleading.
 

 THE COURT: What would be the purpose of an evidentiary hearing, what are we going to establish?
 

 MR. ZIMMERMAN: Establish whether this is a fair price for this property. I mean, the Court is just relying upon attorneys coming in here and talking. We think this is not a fair price for this property....
 

 Over appellants’ objection, the trial court entered an order granting the petition for approval of the amended contract.
 

 Because this appeal solely concerns issues of law, our review is
 
 de novo. See Baker & Hostetler, LLP v. Swearingen,
 
 998 So.2d 1158, 1161 (Fla. 5th DCA 2008). Appellants rely upon the provisions in Florida Rule of Civil Procedure 1.110(h) for their argument that appellees needed to file subsequent or supplemental pleadings for the relief they sought. This rule provides as follows:
 

 
 *220
 
 When the nature of an action permits pleadings subsequent to final judgment and the jurisdiction of the court over the parties has not terminated, the initial pleading subsequent to final judgment shall be designated a supplemental complaint or petition. The action shall then proceed in the same manner and time as though the supplemental complaint or petition were the initial pleading in the action, including the issuance of any needed process. This subdivision shall not apply to proceedings that may be initiated by motion under these rules.
 

 Fla. R. Civ. P. 1.110(h).
 

 The Committee Note to this rule states, in pertinent part:
 

 Subdivision (h) is added to cover a situation usually arising in divorce judgment modifications, supplementary declaratory relief actions, or trust supervision .... The last sentence exempts post judgment motions under rules 1.480(c), 1.530, and 1.540, and similar proceedings from its purview.
 

 Fla. R. Civ. P. 1.110(h), Committee Note, 1971 Amendment.
 

 Appellants argue that appellees failed to comply with this statute and that the trial court erred in granting relief based on their mere filing of a petition. They sufficiently preserved this issue for appeal, as they similarly argued below that the case was not procedurally ripe because appel-lees did not file a new pleading or afford them an opportunity for discovery and an evidentiary hearing.
 

 Appellees argue that appellants should not be allowed to participate in this case since they did not move to have their defaults set aside. In so arguing, they rely on the general principle that a default terminates the defending party’s right to further defend, except to contest the amount of unliquidated damages.
 
 See Donohue v. Brightman,
 
 939 So.2d 1162, 1164 (Fla. 4th DCA 2006).
 

 However, as we explained in
 
 Board of Regents v. Stinson-Head, Inc.,
 
 504 So.2d 1374, 1375 (Fla. 4th DCA 1987), a party who obtains a default judgment is only entitled to the relief sought in its complaint and any further relief must be sought by application and notice to the defendant. In that case, the plaintiff filed a declaratory judgment action.
 
 Id.
 
 at 1374. After the defendant defaulted, the trial court entered a default final judgment which exceeded the scope of the original pleadings.
 
 Id.
 
 at 1375. We reversed, quoting Trawick’s discussion of defaults:
 

 The party seeking affirmative relief may not be granted relief that is not supported by the pleadings or by substantive law applicable to the pleadings. A party in default may rely on these limitations. If the party seeking affirmative relief wants to assert a new additional claim, it must be served on the party in default in the same manner as the initial pleading and he must be given an opportunity to defend against the claim. The effect of the admissions made by the entry of a default is for purposes of the pending action only.
 

 Id.
 
 (quoting H. Trawick, Trawick’s Florida Practice and Procedure § 25-4 (1986 ed.)) (emphasis omitted).
 
 See also Freeman v. Freeman,
 
 447 So.2d 963, 964 (Fla. 1st DCA 1984).
 

 Because appellees have sought different relief than that originally pled, they were required to re-serve appellants in the same manner as they did originally and give them a new opportunity to respond, unfettered by the original default. The defaults were moot once the requested relief changed, i.e., approval of a different contract. Contrary to appellees’ contention, the reservation in the final judgment
 
 *221
 
 to enforce the lien was not broad enough to encompass the relief sought herein.
 

 Reversed and Remanded.
 

 STEVENSON and MAY, JJ., concur.