# Third District Court of Appeal

## State of Florida

Opinion filed September 21, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1813
Lower Tribunal No. 09-493-M

_____

**LNV Corporation,**
Appellant,

vs.

**Cristina M. Gonzalez and Neil Gonzalez,**
Appellees.

An Appeal from the Circuit Court for Monroe County, Sandra Taylor, Senior Judge.

Liebler, Gonzalez & Portuondo, and Dora F. Kaufman and Jessica B. Reyes, for appellant.

Corona Law Firm, P.A., and Ricardo Corona and Ricardo M. Corona, for appellees.

Before WELLS, SHEPHERD, and SCALES, JJ.

SCALES, J.

Appellant LNV Corporation, the plaintiff below, appeals a final judgment involuntarily dismissing LNV's foreclosure action. We reverse and remand for a new trial because the trial court had previously struck the defense upon which the trial court premised the dismissal.

Prior to the trial of LNV's foreclosure action, the trial court struck the pleadings of Cristina M. Gonzalez, Neil Gonzalez, et al., the defendants below, including defendants' affirmative defense asserting that LNV lacked standing to bring the foreclosure action. LNV was thus instructed by the trial court to present a limited case on the issue of damages only. At least twice during the trial, the trial court stated that it was "not going into standing."

At the conclusion of the trial, the trial court took the matter under advisement. Ultimately, the trial court entered the order on appeal that both (i) reinstated the defendants' affirmative defenses,[1] and (ii) involuntarily dismissed LNV's case, holding that LNV had failed to establish that it had standing to bring the action.

While the trial court's detailed dismissal order finds support in the evidence presented at the trial, we cannot assume that the evidence would have been identical had the defendants' answer and affirmative defenses not been stricken.

---

[1] In its order, the trial court reconsidered its prior order striking the defendants' pleadings, ruling that the order had been "improvidently entered" and that it failed to include the findings required by Kozel v. Ostendorf, 629 So. 2d 817 (Fla. 1993).

2

We cannot determine definitively the extent to which LNV's case relied on the trial court having stricken the affirmative defense on standing. LNV proceeded to trial with the understanding that, because the defendants had defaulted, all allegations in its complaint were accepted as true and it had standing to enforce the note. Ellish v. Richard, 622 So. 2d 1154, 1155 (Fla. 4th DCA 1993).

In our view, under the unique circumstances of this case, fundamental tenets of due process require a new trial at which the issue of standing, as well as all other issues properly framed by the parties' pleadings, can be litigated. The trial court's action in striking and then restoring defendants' affirmative defense on standing amounted to the trial court deciding the case without proper notice to LNV. Carroll & Assocs. v. Galindo, 864 So. 2d 24, 29 (Fla. 3d DCA 2003) ("To allow a court to rule on a matter without proper pleadings and notice is violative of a party's due process rights.").

Reversed and remanded for a new trial.