HOBSON, Justice.
Appellee, B. B. Tebbetts, a widow, sued the Hubbards, appellants here, for a declaration of her rights under a certain agreement, a copy of which was attached to the complaint. This agreement, entered June 9, 1928, between' appellee and her deceased husband, as parties of the first part, and the Hubbards, as parties of the second'part, recited that the Tebbetts owed the Hubbards $2500, and that as security the Tebbetts had executed a note in that amount dated January-9, 1928 and payable eighteen months after date, and also certain mortgage deeds to properties described in the agreement (which we shall designate for convenience Parcels A, B, and C). The agreement went on to recite that the parties were desirous of further securing the indebtedness by creating a lien upon Parcel D (described) which was owned by the Tebbetts, and that for valuable consideration the Tebbetts did “grant, bargain, sell, alien, remise,, [etc.]” to the Hubbards their interest in Parcel D. The language which this litigation concerns then follows:
“Provided, nevertheless, that this instrument is intended to be and is given for the purpose of creating a lien on said premises [Parcel D] to further secure the payment of the aforesaid Twenty-five hundred and no/100 ($2,-500.00) Dollars, owing by the Parties of the First Part to the Parties of the Second Part:
■ “It is further' agreed That in the event the Parties of the first Part fail to pay the aforesaid indebtedness, that the aforesaid mortgages shall first be foreclosed and the proceeds from such sales- credited on said indebtedness before the lien hereby created shall be enforcéable.
“It is further, agreed that this lien shall not be enforceable as long as the property is owned by the Parties of the First Part, but shall be enforceable only when said property is sold by the Parties of the First Part.”
The complaint of B. B. Tebbetts, as amended by a more definite statement which the court ordered to be filed, recited that the plaintiff was in'doubt as to whether the lien upon Parcel D, provided for in the agreement, had been terminated by reason of the twenty-year statute of limitations provided by F.S. - Sec. 95.28, F.S.A., and prayed that the court declare the said lien void and ineffective to cloud plaintiff’s title to Parcel D.,
A motion to.,dismiss this complaint was denied, whereupon.the Hubbards answered, admitting the, material allegations of the complaint but alleging affirmatively that (1) the lien could not be barred because the plaintiff still owned the property and the lien was therefore not enforceable under the terms of the agreement and (2) no part of the debt recited in the agreement had been paid, and it would therefore be inequitable to clear plaintiff’s title.
Solely upon these pleadings, and without testimony or other evidence, the circuit judge granted the plaintiff the relief she sought, and held the lien to be barred by F.S. Sec. 95.28, F.S.A.
- Appellants propose two questions for our consideration, but we can answer neither of them upon the record before us, since they both assume that the only condition precedent to the enforcement of the lien is the sale of Parcel D by Mrs. Tebbetts, and under the plain terms of the agreement this is not the fact. The only construction which can be placed upon that portion of *282 the agreement which we have quoted above is that the lien would be enforceable only upon the concurrence of two conditions: (1) the foreclosure of the mortgages upon Parcels A, B and C, and the application of the proceeds to the debt, amd (2) the passage of Parcel D from the Tebbetts’ ownership. If the first condition has not been fulfilled, and cannot now be fulfilled because of laches, see H. K. L. Realty Corporation v. Kirtley, Fla., 74 So.2d 876, opinion filed October 5, 1954, the lien can never become enforceable under the agreement, and the result reached below was correct. But the questions appellants seek to raise can be determined only in the event that this first condition has been complied with, and the record herein is wholly innocent of any information regarding the status of the mortgages upon Parcels A, B and C. True, it is alleged that the debt is unpaid, and it is plain from the agreement that the original note became due many years ago, but we cannot by speculation translate these allegations into findings regarding the mortgages upon which the case hinges. The record before the trial court was likewise defective in the same respect and therefore cannot form a sound basis for the conclusion represented by the final decree. The defect is traceable ultimately to the complaint, which, in order to state a claim upon which relief could be granted, should have alleged the facts existing under both conditions precedent to the enforcement of the lien as to which a declaration was sought.
For the reasons above stated the final decree appealed from must be reversed, with directions to dismiss the complaint, granting leave to plaintiff-appellee B. B. Tebbetts to amend, to pursue her remedies in accordance with this opinion.
Reversed with directions.
ROBERTS, C. J., and TERRELL, THOMAS, SEBRING, MATHEWS and DREW, JJ., concur.