551 So.2d 1270 (1989)
TUTWILER CADILLAC, INC., a Florida Corporation, Appellant,
v.
Schatzi S. BROCKETT, Individually and As Personal Representative of the Estate of Craig A. Brockett, Deceased, Appellee.
No. 89-944.
District Court of Appeal of Florida, First District.
November 14, 1989.
*1271 Calvin E. Hayden and Tonia Yazgi of Kent, Hayden, Facciolo & McMorrow, P.A., Jacksonville, for appellant.
Gary C. Pajcic and Michael B. Wedner of Pajcic & Pajcic, P.A., Jacksonville, for appellee.
BOOTH, Judge.
This cause is before us on appeal of the trial court's denial of motion to set aside default judgment.
On November 30, 1988, appellee Schatzi Brockett filed a complaint against General Motors (GM) and appellant Tutwiler Cadillac, Inc., alleging strict liability, negligence, and breach of expressed and implied warranties of merchantability, and seeking damages arising from the defendants' manufacture and sale of a vehicle with a defective and unsafe seat belt mechanism which allegedly caused her husband's death. On December 7, 1988, the complaint, together with a summons, was served on appellant by serving Warren C. Tutwiler, the registered agent and president of the corporation. The responsive pleading was due on December 27, 1988.
Mr. Tutwiler assigned the complaint to Joseph Abood, appellant's service manager, a nonlawyer, who sent the summons and complaint along with an indemnification request to GM but did not hear back from GM until after the time for filing the answer had expired and default had been entered. Although he telephoned the GM office in West Palm Beach on December 12, 1988 and January 3, 1989, GM's West Palm Beach representatives advised him that they had not received a reply from GM regarding the assumption of Tutwiler's defense. The default was entered on January 5, 1989. The next day, Mr. Abood received a letter from GM denying the indemnification request, and he immediately attempted to contact GM, appellee's attorney, and appellant's carrier.
On January 18, 1989, appellant filed an answer with affirmative defenses. Appellee filed a motion to strike the answer based on the default, and appellant filed a motion to set aside the default. After a hearing, the trial judge entered orders denying the motion to set aside default and granting appellee's motion to strike appellant's answer and defenses. Appellee subsequently filed an amended complaint.
On appeal of the orders, appellant contends the trial court abused its discretion in failing to set aside the clerk's default based on appellant's excusable neglect, the errors in the original complaint, and the lack of prejudice which resulted from appellant's late filing of its answer. We agree with appellant's contentions.
Florida courts have a policy of liberality toward vacating defaults and allowing trial on the merits. In Zimmerman v. Vinylgrain Industries of Jacksonville, Inc., 464 So.2d 1353, 1354 (Fla. 1st DCA 1985), this court held:

*1272 Although an abuse of discretion is necessary in order to reverse a trial court's ruling on a motion to vacate default, appellate courts need not find as great a showing of abuse to reverse a trial court's denial of a motion to vacate default as they do to reverse a grant of such a motion.
To like effect are the decisions in Ponderosa, Inc. v. Stephens, 539 So.2d 1162, 1163 (Fla. 2d DCA 1989), Finkel Outdoor Products, Inc. v. Lasky, 529 So.2d 317, 318 (Fla. 2d DCA 1988), and Garcia Insurance Agency, Inc. v. Diaz, 351 So.2d 1137, 1138 (Fla. 2d DCA 1977). Where there is any reasonable doubt in the matter of vacating a default, it should be resolved in favor of granting the application and allowing a determination upon the merits rather than upon procedural technicalities. North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962); Kindle Trucking Co. v. Marmar Corporation, 468 So.2d 502 (Fla. 5th DCA 1985). This is particularly true in cases in which the parties are not prejudiced by the late filing.
In Finkel Outdoor Products, supra, the court reversed the trial court and remanded with directions to vacate default, holding that the defendant's reliance upon its insurance carrier to answer was excusable neglect and that plaintiff had suffered neither delay nor prejudice. The court in Venusa Export & Import, Inc. v. Cavico Alamo Aircraft Sales, Inc., 361 So.2d 820 (Fla. 4th DCA 1978), found excusable neglect where the distributor sent suit papers to a manufacturer under the mistaken impression the manufacturer was going to handle the defense. Similarly, in the present case, appellant sent the complaint with an indemnity request to the manufacturer, and immediately upon discovering that the manufacturer was denying the indemnity request, took the appropriate action in contacting the manufacturer, appellee's counsel, and the insurance carrier.
In addition, we note that appellee's complaint stated the incorrect vehicle identification number and misidentified the purchaser. These errors by appellee resulted in the manufacturer's rejection of appellant's indemnity request and appellant's delay in filing an answer. Appellee was allowed to amended her complaint after the default was entered to allege the correct vehicle number and purchaser name. However, appellant may be held liable based only on the complaint existing at the time of default. Board of Regents v. Stinson-Head, Inc., 504 So.2d 1374 (Fla. 4th DCA 1987) (a default admits only well-pleaded facts, acquiesces only in the relief specifically prayed for and does not admit facts not properly pleaded). Even with the delay due to allegations in the original complaint and the improper reliance on the manufacturer, appellant's answer was filed only 13 days after the default was entered and 22 days after the answer to the original complaint was due. No prejudice to appellee was shown by this delay.
Given the magnitude of the result of a default judgment, appellee's errors in the original complaint, and the lack of prejudice to appellee, appellant should be given its day in court and be allowed to have the case tried on its merits.
Accordingly, the trial court's orders are reversed and remanded for further proceedings consistent herewith.
JOANOS and MINER, JJ., concur.