551 So.2d 486 (1989)
Carlos A. BECERRA and Horizon Corporation of America, Appellants,
v.
EQUITY IMPORTS, INC., a Florida Corporation and North Carolina National Bank, a Federally Chartered Banking Institution, Appellees.
No. 88-1149.
District Court of Appeal of Florida, Third District.
February 28, 1989.
On Motion for Clarification November 15, 1989.
*487 Martin, Ade, Birchfield & Mickler, and Susan S. Oosting, Jacksonville, for appellants.
William J. Motyczka, Miami, for appellees.
Before HUBBART, FERGUSON and LEVY, JJ.
FERGUSON, Judge.
A question presented by this appeal is whether a defendant is entitled to relief from a default judgment on grounds that the complaint fails to state a cause of action as to one of several counts where there is no showing of due diligence or excusable neglect and the motion is not made until after proceedings in aid of execution have commenced.
Equity Imports, Inc. filed a complaint against Becerra and Horizon for breach of an oral contract, fraud, breach of a fiduciary duty, and civil theft, seeking treble damages for violations of the Florida Anti-Fencing Act, Chapter 812, Florida Statutes (1987). It was alleged that Becerra and Horizon, automobile dealers, failed to remit $28,000 owed Equity from the sale of a vehicle which had been shipped to the dealers on consignment. After the properly served defendants failed to respond, a default and a final judgment were entered awarding $119,482.50 in treble damages, costs, and fees. Becerra and Horizon's Rule 1.540(b) motion for relief from judgment, filed within one year of the entry of the judgment, was denied. We reverse in part and grant relief from the award of treble damages.
In determining whether there is excusable neglect as a basis for relief from a judgment, the court may consider the defendant's diligence in seeking relief. B.C. Builders Supply Co. v. Maldonado, 405 So.2d 1345 (Fla. 3d DCA 1981). Here, due diligence cannot be ascribed to the appellants' conduct under even the most liberal reading of the case law. After the judgment had been entered the appellants participated in proceedings in execution without making any effort to vacate the default and judgment. On this record we cannot accept the appellants' contention that the trial court abused its discretion in denying their motion for relief from the judgment as it pertains to the well-pleaded counts of the complaint.
In paragraph one of the civil theft count Equity realleged and incorporated the first three counts which stated causes of action for breach of contract, fraud, and breach of fiduciary duty. In the next paragraph, Equity alleged a violation of the theft statute, ostensibly based on the prior allegations of contractual wrongs and, in *488 conclusory form, tracked the language of the theft statute. There are no factual allegations supporting the legal conclusion.
We have recently held, on two occasions, that treble damages may not be awarded for civil theft under Chapter 812 absent a pleading of criminal intent. See Bertoglio v. American Sav. & Loan Ass'n of Fla., 491 So.2d 1216 (Fla. 3d DCA 1986); Rosen v. Marlin, 486 So.2d 623 (Fla. 3d DCA), rev. denied, 494 So.2d 1151 (Fla. 1986). A sufficient pleading of theft, as a basis for an award of treble damages, goes to the foundation of the statutory cause of action.
The power of the court to grant relief from a judgment entered on default has been accurately summed up as follows:
A default admits liability as claimed in the pleading by the party seeking affirmative relief against the party in default. It operates as an admission of the truth of the well pleaded allegations of the pleading, except those concerning damages. It does not admit facts not pleaded, not properly pleaded or conclusions of law. Fair inferences will be made from the pleadings, but forced inferences will not. The party seeking affirmative relief may not be granted relief that is not supported by the pleadings or by substantive law applicable to the pleadings. A party in default may rely on these limitations.
H. Trawick, Trawick's Florida Practice and Procedure § 25-4 at 348 (1988 ed.) (footnotes omitted). See also North Am. Accident Ins. Co. v. Moreland, 60 Fla. 153, 53 So. 635 (1910) (conclusions of law, facts not well pleaded, and forced inferences are not admitted by a default judgment); Board of Regents v. Stinson-Head, Inc., 504 So.2d 1374 (Fla. 4th DCA 1987) (party in default admits only the well-pleaded facts and acquiesces only in the relief sought by the pleading); Williams v. Williams, 227 So.2d 746 (Fla. 2d DCA 1969) (defendant who suffers default admits only well-pleaded facts and acquiesces only in the relief prayed for); Masters v. Rodgers Dev. Group, 283 S.C. 251, 321 S.E.2d 194 (1984) (default judgment did not preclude defendant from challenging sufficiency of the complaint as a basis for the judgment). See generally 49 C.J.S. Judgments § 200 at 356 (1947) (judgment by default operates as a waiver of any mere formal errors in plaintiff's pleading but does not cure a totally defective complaint or waive errors which go to the foundation of plaintiff's cause of action).
Failure to state a cause of action, unlike formal or technical deficiencies, is a fatal pleading deficiency not curable by a default judgment. The reason why a pleading deficiency is not cured by a default judgment  formerly a decree pro confesso  is that in such cases the introduction of proof is not required, and even if the allegations were accepted as true, the plaintiff would not have made a case upon which relief could be granted. Bayne v. Sun Fin. Co. No. 1, 114 Ga. App. 27, 150 S.E.2d 311 (1966).
A default judgment should be set aside where the complaint on its face fails to state a cause of action. Sunshine Sec. & Detective Agency v. Wells Fargo Armored Servs. Corp., 496 So.2d 246 (Fla. 3d DCA 1986); Brumby v. Clearwater, 108 Fla. 633, 149 So. 203 (Fla. 1933); GAC Corp. v. Beach, 308 So.2d 550 (Fla. 2d DCA 1975). Because the defect is apparent from the face of the complaint this court is not precluded from ordering relief from the judgment. Fernandez-Aguirre v. Gall, 484 So.2d 1286 (Fla. 3d DCA 1986); Lincoln Nat'l Life Ins. Co. v. Gordy, 129 Fla. 792, 176 So. 860 (1937). See Abrams v. Paul, 453 So.2d 826 (Fla. 1st DCA 1984) (properly preserved assertion, that default was improper because the allegations in complaint failed to state a cause of action, is subject to appellate review). See also Lybass v. Town of Fort Myers, 56 Fla. 817, 47 So. 346 (1908) (by default a defendant admits the sufficient allegations but is not deprived of the right to challenge, by appeal, a material pleading deficiency).
In reaching the question whether a default judgment should be set aside where the complaint fails to state a cause of action, courts find it unnecessary to decide whether the defendant otherwise set forth good grounds for failing to respond to the complaint. See Thompson v. Dildy, 227 Ark. 648, 300 S.W.2d 270 (1957). This court, likewise, has held that a motion to *489 set aside a default judgment requires no allegations or showing of excusable neglect where the basis for the motion is that the allegations in the complaint do not entitle the plaintiff to relief. Magnificent Twelve, Inc. v. Walker, 522 So.2d 1031 (Fla. 3d DCA 1988).[1]
Denial of the motion to set aside the judgment, as to the damage award of $28,000 plus costs on the causes of action for breach of an oral contract, fraud, and breach of a fiduciary duty, is affirmed; denial of the motion, as to the judgment on the civil theft cause of action, treble damages award, and attorney's fees, is reversed.

ON MOTION FOR CLARIFICATION
Upon consideration, appellees' motion for clarification is granted and the judgment is clarified to affirm the award of interest on the $28,000 damage award.
NOTES
[1] In a case pre-dating Florida's rules of civil procedure, the Florida supreme court held that a judgment entered on a complaint which failed to state a cause of action was voidable but not void, and that the trial court erred in vacating the judgment where the motion to set aside was filed nine years later. The court reasoned that the circuit court was without power to vacate or amend the judgment which had become final "at the end of the term during which it was entered." State ex rel. Coleman v. Williams, 147 Fla. 514, 515, 3 So.2d 152, 153, (1941). Compare Falkner v. AmeriFirst Federal Sav. and Loan Ass'n, 489 So.2d 758 (Fla. 3d DCA 1986) (a judgment entered without due service of process is void and may, on a proper motion, be vacated at any time).