RAMIREZ, J.
 

 Marie-Laure Moynet appeals the trial court’s order denying her motion to vacate the final judgment in this case. We reverse because the complaint fails to state a cause of action for either unjust enrichment or civil theft.
 

 In May 2000, Moynet entered into a pre-construction purchase and sale agreement with the developer of the Bentley Bay Condominium development to purchase a unit for $271,150 and for which Moynet deposited $54,230 with the developer. Moynet assigned her right to purchase the unit for the same specified price to Anne and Rene Courtois. In exchange, the Courtois paid Moynet $87,000 for the assignment.
 

 In March 2003, three years after the Courtois purchased Moynet’s interest in the condominium, the Bentley Bay filed for bankruptcy protection. Pursuant to the assignment, the developer refunded to the Courtois the deposit monies, $54,230, that had been paid by Moynet. In January 2005, the United States Bankruptcy Court for the Southern District of Florida entered an order terminating the contract between Moynet and the Courtois.
 

 In February 2005, the Courtois made written demand on Moynet for repayment of the remaining monies paid by the Cour-tois which had not been reimbursed by the developer, or $32,770. Moynet did not pay, and in August 2005, the Courtois filed a two-count complaint against Moynet-one count for civil theft and another for unjust enrichment. Moynet failed to respond or to file any responsive pleadings. In December 2006, the trial court entered a default against Moynet, and the trial court entered a Final Judgment in November 2007 for $106,075.75, which included three times $32,770 (the funds allegedly stolen), plus $7,765.75 in interest.
 

 Eventually Moynet moved to vacate the default judgment, which the trial court denied because Moynet had not shown excusable neglect for her failure to answer the complaint. Moynet had instead argued that the complaint filed by Courtois failed to state a cause of action.
 

 On appeal, Moynet contends that a default judgment based on a complaint which fails to state a cause of action must be vacated as void. We agree that the complaint as drafted fails to state a cause of action for unjust enrichment or for civil theft.
 

 As we stated in
 
 Becerra v. Equity Imports, Inc.,
 
 551 So.2d 486 (Fla. 3d DCA 1989), a default judgment should be set aside when the complaint pursuant to which it was entered on its face fails to state a cause of action.
 
 Id.
 
 at 488;
 
 Ginsberg v. Lennar Fla. Holdings, Inc.,
 
 645 So.2d 490, 493 (Fla. 3d DCA 1994). We further noted in
 
 Becerra
 
 that a default judgment should be set aside where the complaint fails to state a cause of action even in the absence of good grounds for failing to respond to the complaint.
 
 Becerra,
 
 551 So.2d at 488. We stated: “This court, likewise, has held that a motion to set aside a default judgment requires no allegations or showing of excusable neglect where the basis for the motion is that the
 
 *379
 
 allegations in the complaint do not entitle the plaintiff to relief.”
 
 Id.
 
 at 488-89. Accordingly, the trial court erred when it failed to grant Moynet’s motion to vacate the default judgment.
 

 Neither count of the two-count complaint states a cause of action. With regard to the count for unjust enrichment, where there is an express contract between the parties, claims arising out of that contractual relationship will not support a claim for unjust enrichment.
 
 See Diamond “S” Dev. Corp. v. Mercantile Bank,
 
 989 So.2d 696, 697 (Fla. 1st DCA 2008);
 
 Harding Realty, Inc. v. Turnberry Towers Corp.,
 
 436 So.2d 983 (Fla. 3d DCA 1983).
 

 It is clear in this case that the Courtois, in exchange for any benefit conferred on Moynet, received exactly what they bargained for — Moynet’s interest in the contract of purchase of a unit at the condominium project. In fact, the Cour-tois never repudiated the assignment, but instead exercised their contractual rights as assignees in making their claim in bankruptcy court for the deposit being held by the developer.
 

 The case of
 
 American Safety Insurance Company, v. Griggs,
 
 959 So.2d 322 (Fla. 5th DCA 2007), is instructive. There investors in a real estate development project sued the developer’s lenders which were foreclosing on property after the developer defaulted on the loan. The investors argued that the lenders had been unjustly enriched as a result of the investments which they had previously made in the real estate development project.
 
 Id.
 
 at 329. The Fifth District Court of Appeal stated that the elements of a cause of action for unjust enrichment included: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant has knowledge of the benefit; (3) the defendant has accepted or retained the benefit conferred; and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it.
 
 Id.
 
 at 331. The court concluded that the complaint did not state a cause of action and noted that the plaintiff failed to demonstrate that the defendant had not paid for the benefit allegedly conferred by the plaintiff, an essential element of a quasi-contract claim.
 
 Id.
 
 at 331-32. The court pointed out that when a defendant has given adequate consideration to someone for a benefit conferred, a claim for unjust enrichment necessarily fails.
 
 Id. See also Commerce P’ship 8098, Ltd. P’ship v. Equity Constr. Co.,
 
 695 So.2d 383 (Fla. 4th DCA 1997).
 

 Here, Courtois purchased all of the right, title and interest of Moynet in a contract to purchase a unit at the subject condominium. Moynet assigned her contract to purchase the unit to the Courtois in exchange for payment by the Courtois of a sum of money. The Courtois received from Moynet just what they had bargained for — all of Moynet’s interest in the contract to purchase the condominium unit. Here, the rights of the parties are governed by the contract that they entered into, thus an unjust enrichment claim cannot be alleged. Furthermore, because the Courtois received what they bargained for, the fourth element of an unjust enrichment cause of action is missing-the requirement that the circumstances be such that it would be inequitable for Moynet to retain the benefits received from the Courtois.
 

 Turning to count two of the complaint, the Courtois attempted to allege a cause of action for civil theft. The claim was asserted pursuant to section 772.11, Florida Statutes (2001). That section provides that any person who proves by clear and convincing evidence that he or she has been injured in any fashion by reason of any violation of sections 812.012 through
 
 *380
 
 812.087 or section 825.103(1), Florida Statutes, has a cause of action for three fold the actual damages sustained. The trial court entered final judgment pursuant to this statute because the court awarded triple damages.
 

 However, a review of the complaint shows that it fails to state a cause of action for civil theft. The complaint details that the dispute between the parties arose out of a contract. There is no allegation of fraud, theft or any other criminal or felonious intent on Moynet’s part. The Courtois only asserted a claim for partial reimbursement when the condominium project went into bankruptcy. Without an allegation of criminal intent, no damages may be awarded for civil theft pursuant to chapter 812.
 
 Becerra,
 
 551 So.2d at 486 supports this position.
 

 The Courtois’ failure to alleged criminal intent is fatal to their cause of action for civil theft. Moreover, there are no other facts alleged from which criminal intent may be implied. The Courtois simply allege a contractual relationship with Moy-net; payment of a sum of
 
 money for
 
 which the Courtois received an assignment of Moynet’s interest in a contract to purchase a condominium unit; and three years later, the failure of the developer. As such, the Courtois failed to state a cause of action for civil theft.
 

 In sum, the complaint failed to state a cause of action for either unjust enrichment or civil theft. Accordingly, the trial court’s order denying Moynet’s motion to vacate the final judgment is reversed, and the case is remanded with instructions to vacate and set aside the Final Judgment.
 

 Reversed and remanded with instructions.