THOMAS, J.
 

 Appellants seek review of the trial court’s order denying their motion to set aside a default judgment filed pursuant to Florida Rule of Civil Procedure 1.540. Appellants argue that the judgment is void because it is based upon a complaint that failed to state a claim. We agree that the judgment is void, and reverse.
 

 Appellee All Florida Site & Utilities, Inc. (“Subcontractor”) filed a complaint against Appellant Southeast Land Developers, Inc. (“Contractor”) for breach of a construction contract by failure to pay for the Subcontractor’s work. The Subcontractor’s complaint alleged that the parties entered into a subcontract for the installment of water, sewer, and drainage systems at the Marsh’s Edge development in St. Simons Island, Georgia, and that
 
 *167
 
 $113,040.13 was “due and owing” to the Subcontractor for labor and materials.
 

 The Contractor did not file an answer, but successfully compelled arbitration. The Contractor’s counsel filed a motion to withdraw, explaining that the arbitration hearing had been cancelled due to the illness and death of the Contractor’s principal, John Reaves, and that counsel had been unable to make arrangements to continue representation with Richard Aboud, a trustee who had taken over operations for the Contractor. The trial court granted the motion to withdraw and ordered the Contractor to obtain separate counsel; however, the Contractor did not obtain new counsel, and arbitration was never held. The Subcontractor moved for default final judgment, and a default judgment was entered. The Contractor filed a motion to set aside the default final judgment, which was denied.
 

 On appeal, the Contractor asserts the trial court erred in failing to grant its motion to vacate the default final judgment. The Contractor asserts that the judgment is void because the complaint on which it was based failed to state a claim, as it did not allege that conditions precedent to payment had been satisfied. In
 
 North Shore Hospital, Inc. v. Barber,
 
 143 So.2d 849, 852 (Fla.1962), the Florida Supreme Court noted that in order to reverse a trial judge’s ruling on a motion to vacate a default final judgment, the district court must find a
 
 gross
 
 abuse of discretion. Nonetheless, a number of more recent district court decisions have applied a simple abuse of discretion standard.
 
 See Tutwiler Cadillac, Inc. v. Brockett,
 
 551 So.2d 1270 (Fla. 1st DCA 1989) (stating that courts apply a more lenient standard of review of orders denying motion to vacate default judgments compared to review of orders granting motion to set aside default);
 
 BoatFloat, LLC v. Central Transp. Int'l, Inc.,
 
 941 So.2d 1271, 1272 (Fla. 4th DCA 2006) (“[T]he standard of review for an order denying a motion to vacate a default judgment is abuse of discretion.”) (quoting
 
 Top Dollar Pawn Too, Inc. v. King,
 
 861 So.2d 1264, 1265 (Fla. 4th DCA 2003));
 
 Szucs v. Qualico Dev., Inc.,
 
 893 So.2d 708, 710 (Fla. 2d DCA 2005) (“The standard of review for an order denying a motion to vacate default is whether the trial court abused its discretion.”);
 
 KFC USA, Inc. v. Depew,
 
 879 So.2d 55, 56 (Fla. 5th DCA 2004) (“Although the standard of review of an order ruling on a motion to vacate a default judgment is whether there has been an abuse of the trial court’s discretion, this court must remain cognizant of Florida’s ‘long standing policy of liberality toward the vacating of defaults’ ”) (footnote omitted). Further, there is a strong preference for lawsuits to be determined on the merits rather than by default judgment.
 
 Tutwiler Cadillac,
 
 551 So.2d at 1272;
 
 Geer v. Jacobsen,
 
 880 So.2d 717, 720 (Fla. 2d DCA 2004).
 

 Florida Rule of Civil Procedure 1.540(b) provides that, on a party’s motion, a court may relieve a party from a final judgment for several reasons:
 

 (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) that the judgment or decree is void; or (5) that the judgment or decree has been satisfied, released, or discharged....
 

 The remainder of the rule requires that the motion be filed “within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment, decree, order, or proceeding was entered or taken.” Fla. R. Civ. P. 1.540(b).
 

 
 *168
 
 A default judgment is void and should be set aside when the complaint fails to state a cause of action.
 
 See Moynet v. Courtois,
 
 8 So.3d 377, 378-79 (Fla. 3d DCA 2009) (citing
 
 Becerra v. Equity Imports, Inc.,
 
 551 So.2d 486 (Fla. 3d DCA 1989), and
 
 Ginsberg v. Lennar Fla. Holdings, Inc.,
 
 645 So.2d 490, 493 (Fla. 3d DCA 1994));
 
 GAC Corp. v. Beach,
 
 308 So.2d 550 (Fla. 2d DCA 1975);
 
 see generally Hooters of America, Inc. v. Carolina Wings, Inc.,
 
 655 So.2d 1231 (Fla. 1st DCA 1995) (damages award barred on default judgment violated due process due to lack of well-pled allegations in complaint). Failure to allege that conditions precedent are met renders a complaint fatally defective in that it fails to state a cause of action.
 
 Nguyen v. Roth Realty, Inc.,
 
 550 So.2d 490 (Fla. 5th DCA 1989). However, “[i]n pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred.” Fla. R. Civ. P. 1.120(c).
 

 In the instant case, the contract contained several conditions precedent to the Subcontractor receiving payment, yet the complaint made no allegation, specific or general, with regard to these conditions precedent, only that money was “due and owing.” An allegation that a debt is unpaid is not sufficient.
 
 See Hubbard v. Tebbetts,
 
 76 So.2d 280, 282 (Fla.1954). As such, the complaint failed to state a claim, and the default judgment is void.
 

 Appellee argues that the judgment is not subject to challenge via a rule 1.540 motion. Appellee relies on
 
 Curbelo v. Ullman,
 
 571 So.2d 443 (Fla.1990), where the court noted that a judgment is not void due to errors or irregularities in proceedings where the court is legally organized, has jurisdiction, and the parties are given an opportunity to be heard. The
 
 Curbelo
 
 court held that a judgment was not void for failure to provide a jury trial on damages where the right to a jury trial was not waived.
 
 Curbelo,
 
 571 So.2d at 444-45. Here, the default judgment is void, not based on any procedural errors or irregularities, but on a fatally defective complaint. The language in
 
 Curbelo
 
 has not been extended or read to mean that a judgment based upon a complaint which failed to state a claim is not void.
 

 We hold that because the default judgment was void in that it was based on a complaint which failed to state a claim, the trial court abused its discretion in failing to grant Appellant’s motion to set aside the judgment. We therefore reverse and remand for proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 LEWIS, and WETHERELL, JJ., concur.