EN BANC

WARNER, J.
The trial court vacated a default final judgment a year and a half after its entry on the grounds that the judgment was void, because the complaint upon which it was based failed to state a cause of action. Although the trial court was correct under the existing law from this district, we consider this case en banc to recede from our prior case law and conclude that a default judgment based upon a complaint which fails to state a cause of action is voidable, not void. Therefore, because the appellee failed to move for relief within a year of the judgment, it was not entitled to have the judgment vacated. We reverse.
Owners of a condominium in La Mer Estates executed a mortgage to BSM Financial in 2006. That mortgage went into *398 default in 2008, and the mortgagors also defaulted on their condominium maintenance payments. Appellant, the Condominium Association of La Mer Estates, recorded a claim of lien for the unpaid assessments, filed an action to foreclose its lien, and obtained a final judgment of foreclosure in July 2009. After the foreclosure judgment but before the foreclosure sale, appellee, Bank of New York Mellon, was assigned the mortgage securing the condominium unit. The association was the only bidder at the sale and received a certificate of title to the condominium unit.
Concerned about the continuing unpaid monthly assessments, the association wrote to the bank offering to convey to it the title to the condominium, but the bank did not respond. Several months later, the association filed a complaint to quiet title to the property, alleging its own title to the property; how it acquired its title; and that the mortgage assigned to the bank constituted a cloud on the association’s title. The association alleged that the bank had no bona fide interest or claim to the property.
The association served the bank and obtained a default. Although it also obtained a default final judgment, it moved to vacate the final judgment because of concerns that service was not properly made. The court vacated the judgment, and the complaint was served again on the bank. Again the bank did not respond and the clerk entered a new default. The association filed a new motion for entry of final judgment quieting title. The bank was given notice and an opportunity to be heard but failed to appear at the hearing. The court entered a second judgment quieting title against the bank on February 10, 2011.
The bank took no action for over one and a half years. Finally, on August 31, 2012, it moved pursuant to rule 1.540(b) to vacate the quiet title judgment on grounds that it was void because the complaint failed to state a cause of action to quiet title. The bank argued that because it was void, the one year limitation which applied to the other grounds for relief under rule 1.540(b), did not apply. See M.L. Builders, Inc. v. Reserve Developers, LLP, 769 So.2d 1079, 1081 (Fla. 4th DCA 2000) (a motion to vacate a void judgment may be made at any time). The bank argued that a complaint to quiet title must allege not only the association’s title to the property and how it obtained title, but must also show why the bank’s claim of an interest in the property is invalid and not well founded, citing Stark v. Frayer, 67 So.2d 287, 289 (Fla.1953). The bank contended that it had a title interest superior to that of the association and that the association had not alleged facts which showed the bank’s title was invalid.
The trial court conducted a hearing and granted the motion to vacate on grounds that the judgment was void because the complaint failed to state a cause of action. The association now appeals the order which vacated the final judgment quieting title.
The association argues that the trial court erred in vacating the final judgment quieting title because the judgment was only voidable, not void. If a judgment is “void” then under rule 1.540(b) it can be attacked at any time, but if it is only “voidable” then it must be attacked within a year of entry of the judgment. Because the bank did not file its motion to vacate for over a year and a half after entry of the final judgment, the association argues that it could seek to vacate the judgment only if the judgment was void.
In Miller v. Preefer, 1 So.3d 1278 (Fla. 4th DCA 2009), we explained what consti *399 tuted a void judgment and how it differed from a voidable one:
Florida courts have long drawn a distinction between a “void” judgment and a “voidable” judgment. A void judgment is one entered in the absence of the court’s jurisdiction over the subject matter or the person. See, e.g., Sterling Factors Corp. v. U.S. Bank Nat’l Ass’n, 968 So.2d 658, 665 (Fla. 2d DCA 2007); Palmer v. Palmer, 479 So.2d 221, 221 (Fla. 5th DCA 1985) (“If a court has subject matter jurisdiction and that jurisdiction has been properly invoked by pleadings and properly perfected by service of process, its judgments, although erroneous as to law or fact and subject to reversal on appeal, are nevertheless not void”). A void judgment may be attacked at any time. See, e.g., M.L. Builders, Inc. v. Reserve Developers, LLP, 769 So.2d 1079, 1082 (Fla. 4th DCA 2000).
That is not the case, though, with a judgment that is merely voidable. To attack a judgment that is voidable, a challenger’s options are limited to taking a timely appeal from the judgment or filing a timely motion to set aside the judgment on one of the limited grounds for relief set forth in Florida Rule of Civil Procedure 1.540(b). See Sterling Factors Corp., 968 So.2d at 665 (“A voidable judgment can be challenged by motion for rehearing or appeal and may be subject to collateral attack under specific circumstances, but it cannot be challenged at any time as void under rule 1.540(b)(4).”).
Id. at 1282. Despite this understanding, in several eases we have adopted the principle that a default judgment based upon a complaint which fails to state a cause of action is void. See Rhodes v. O. Turner & Co., 117 So.3d 872, 875 (Fla. 4th DCA 2013); Neuteleers v. Patio Homeowners Ass’n, 114 So.3d 299, 301 (Fla. 4th DCA 2013) (citing Lee & Sakahara Assocs., ALA, Inc. v. Boykin Mgmt. Co., 678 So.2d 394, 396 (Fla. 4th DCA 1996)). Other courts have also agreed. See Se. Land Developers, Inc. v. All Fla. Site & Utils., Inc., 28 So.3d 166, 168 (Fla. 1st DCA 2010); Moynet v. Courtois, 8 So.3d 377, 378-79 (Fla. 3d DCA 2009) (citing Becerra v. Equity Imps., Inc., 551 So.2d 486 (Fla. 3d DCA 1989), and Ginsberg v. Lennar Fla. Holdings, Inc., 645 So.2d 490, 493 (Fla. 3d DCA 1994)). These cases have relied on Becerra, 551 So.2d at 488.
In Becerra, eleven months after the plaintiff obtained a default final judgment against the defendant in multiple counts, the defendant moved to vacate the judgment both on excusable neglect grounds and because the complaint failed to state a cause of action entitling the plaintiff to treble damages for civil theft. The court reasoned that a default admits only the well pled allegations of a complaint. A plaintiff may not obtain relief not supported by the allegations of the complaint. Therefore, “[a] default judgment should be set aside where the complaint on its face fails to state a cause of action.” Becerra, 551 So.2d at 488. Despite its frequent citation for the principle that a default judgment based upon a complaint which fails to state a cause of action is void, Becerra never explicitly states that such a judgment is void. Instead, in a footnote it notes that the supreme court has held that such judgments are voidable:
FN1. In a case pre-dating Florida’s rules of civil procedure, the Florida supreme court held that a judgment entered on a complaint which failed to state a cause of action was voidable but not void, and that the trial court erred in vacating the judgment where the motion to set aside was filed nine years later. The court reasoned that the circuit court was without power to
*400 vacate or amend the judgment which had become final “at the end of the term during which it was entered.” State ex rel. Coleman v. Williams, 147 Fla. 514, 515, 8 So.2d 152, 153 (1941). Compare Falkner v. Amerifirst Federal Sav. and Loan Ass’n, 489 So.2d 758 (Fla. 3d DCA 1986) (a judgment entered without due service of process is void and may, on a proper motion, be vacated at any time).
Id. at 489 n. 1 (emphasis supplied). The supreme court in Malone v. Meres, 91 Fla. 709, 109 So. 677 (1926), also explained the difference between a void and voidable judgment and concluded that judgments in which the court has jurisdiction of the subject matter and persons are not void but voidable:
‘A judgment rendered by a court, having power lawfully conferred to deal with the general subject involved in the action, and having jurisdiction of the parties, although against the facts or without facts to sustain it, is not void as rendered without jurisdiction, and cannot be questioned collaterally.’ ...
‘Jurisdiction of the subject-matter does not depend upon the ultimate existence of a good cause of action in the plaintiff in the particular case. ...
‘Jurisdiction of the subject-matter is the power to deal with the general abstract question, to hear the particular facts in any case whether or not they are sufficient to invoke the exercise of that power. It is not confined to cases in which the particular facts constitute a good cause of action, but it includes every issue within the scope of the general power vested in the court by the law of its organization to deal with the abstract question.
Id. at 684, 686 (emphasis supplied) (citations omitted).
The Fifth District recognized that a judgment based upon a “non-cognizable cause of action” was voidable and not void in Krueger v. Ponton, 6 So.3d 1258 (Fla. 5th DCA 2009). It held, “Where a court is legally organized and has jurisdiction of the subject matter and the adverse parties are given an opportunity to be heard, then errors, irregularities, or wrongdoing in proceedings, short of illegal deprivation of opportunity to be heard, will not render the judgment void.” Id. at 1261. In Krueger, the mere failure to state a cause of action did not render the default judgment void.
Although Becerra cited to Coleman, which that held that a judgment entered on a complaint which failed to state a cause of action was voidable, it noted that this supreme court opinion was decided prior to the adoption of the modern rules of civil procedure. Rule 1.540(b)(4) did not change the definition of a void judgment, and Becerra does not suggest how the rule displaces the prior case law. Under supreme court precedent, a default judgment is voidable, not void, where it fails to state a cause of action, where the court has jurisdiction both of the subject matter and the parties. We conclude that our cases which hold that such a judgment is void depart from supreme court precedent, and we should recede from them to the extent that they rely on the proposition that such a judgment is void, including Rhodes, Neuteleers, and Lee & Sakahara Associates.
The motion for relief in this case provided no other reason for vacating the judgment other than arguing that the complaint failed to state a cause of action. We hold that these allegations would render the judgment voidable, not void. The bank was properly notified of the proceedings, notified of the hearing on final judgment, and notified of the entry of the final judgment. It could have appeared in the *401 proceedings and raised the pleading defects, or it could have raised the issue on direct appeal. “A voidable judgment can be challenged by motion for rehearing or appeal and may be subject to collateral attack under specific circumstances, but it cannot be challenged at any time as void under rule 1.540(b)(4).” Sterling, 968 So.2d at 665.
To rule that a judgment affecting title to property is void if the complaint on which it is based failed to state a cause of action could cloud a title for years and years, rendering it unsellable. What title insurance company would hazard insuring a title containing a default final judgment in its chain if that judgment could be vacated at any time even though the defaulted party had notice of the proceedings? The uncertainty generated by declaring such judgments void is magnified when one considers that courts may differ as to what constitutes sufficient allegations to state a cause of action.
We thus reverse the order vacating the final judgment and remand for its reinstatement. By receding from our prior case law in this opinion, we are following the older supreme court holdings, as we have found no recent cases from the supreme court revising the definition of a void judgment. To the contrary, in Curbelo v. Ullman, 571 So.2d 443 (Fla.1990), the court used the same definition of a void judgment as in its prior cases. Id. at 445 (“[Wlhere a court is legally organized and has jurisdiction of the subject matter and the adverse parties are given an opportunity to be heard, then errors, irregularities or wrongdoing in proceedings, short of illegal deprivation of opportunity to be heard, will not render the judgment void.”). We also certify express and direct conflict with Southeast Land Developers, Inc. v. All Florida Site and Utilities, Inc., 28 So.3d 166, 168 (Fla. 1st DCA 2010), and Moynet v. Courtois, 8 So.3d 377, 378-79 (Fla. 3d DCA 2009). Because of the importance of this issue to the finality of judgments and the stability of property titles, we also believe that this is an issue of statewide importance.[1]

Reversed and remanded for reinstatement of the final judgment.

DAMOORGIAN, C.J., STEVENSON, GROSS, TAYLOR, MAY, CIKLIN, GERBER, LEVINE, CONNER, FORST and KLINGENSMITH, JJ„ concur.

. We need not frame a question of great public importance, because by announcing express conflict with the opinions of other district courts of appeal, the supreme court's jurisdiction may be invoked. See Fla. R. App. P. 9.030(a)(2)(A)(iv).