# Supreme Court of Florida

_____

No. SC14-1049
_____

**THE BANK OF NEW YORK MELLON, etc.,**
Petitioner,

vs.

**CONDOMINIUM ASSOCIATION OF LA MER ESTATES, Inc.,**
Respondent.

[September 17, 2015]

PERRY, J.

The Bank of New York Mellon Corporation ("BNY Mellon" or "the bank") seeks review of the decision of the Fourth District Court of Appeal in Condominium Ass'n of La Mer Estates, Inc. v. Bank of New York Mellon Corp., 137 So. 3d 396 (Fla. 4th DCA 2014), which certified conflict with Southeast Land Developers, Inc. v. All Florida Site & Utilities, Inc., 28 So. 3d 166 (Fla. 1st DCA 2010), and Moynet v. Courtois, 8 So. 3d 377 (Fla. 3d DCA 2009), on the issue of whether a default judgment is void when the complaint upon which a judgment is based on fails to state a cause of action. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. For reasons provided below, we hold that a default judgment

is voidable, rather than void, when the complaint upon which the judgment is based on fails to state a cause of action. We therefore approve the decision of the Fourth District in La Mer Estates and disapprove of the conflict cases to the extent they are inconsistent with this decision.

The Fourth District Court of Appeal summarized the case and underlying facts as follows:

> Owners of a condominium in La Mer Estates executed a mortgage to BSM Financial in 2006. That mortgage went into default in 2008, and the mortgagors also defaulted on their condominium maintenance payments. Appellant, the Condominium Association of La Mer Estates, recorded a claim of lien for the unpaid assessments, filed an action to foreclose its lien, and obtained a final judgment of foreclosure in July 2009. After the foreclosure judgment but before the foreclosure sale, appellee, Bank of New York Mellon, was assigned the mortgage securing the condominium unit. The association was the only bidder at the sale and received a certificate of title to the condominium unit.
>
> Concerned about the continuing unpaid monthly assessments, the association wrote to the bank offering to convey to it the title to the condominium, but the bank did not respond. Several months later, the association filed a complaint to quiet title to the property, alleging its own title to the property; how it acquired its title; and that the mortgage assigned to the bank constituted a cloud on the association's title. The association alleged that the bank had no bona fide interest or claim to the property.
>
> The association served the bank and obtained a default. Although it also obtained a default final judgment, it moved to vacate the final judgment because of concerns that service was not properly made. The court vacated the judgment, and the complaint was served again on the bank. Again the bank did not respond and the clerk entered a new default. The association filed a new motion for entry of final judgment quieting title. The bank was given notice and an opportunity to be heard but failed to appear at the hearing. The court

entered a second judgment quieting title against the bank on February 10, 2011.

The bank took no action for over one and a half years. Finally, on August 31, 2012, it moved pursuant to [Florida Rule of Civil Procedure] 1.540(b) to vacate the quiet title judgment on grounds that it was void because the complaint failed to state a cause of action to quiet title. The bank argued that because it was void, the one year limitation which applied to the other grounds for relief under rule 1.540(b), did not apply. The bank argued that a complaint to quiet title must allege not only the association's title to the property and how it obtained title, but must also show why the bank's claim of an interest in the property is invalid and not well founded, citing Stark v. Frayer, 67 So. 2d 237, 239 (Fla. 1953). The bank contended that it had a title interest superior to that of the association and that the association had not alleged facts which showed the bank's title was invalid.

The trial court conducted a hearing and granted the motion to vacate on grounds that the judgment was void because the complaint failed to state a cause of action.

La Mer Estates, 137 So. 3d at 397-98 (internal citations omitted). The

Condominium Association of La Mer Estates appealed to the Fourth District Court

of Appeal the order that vacated the final judgment.

The Fourth District reversed the order and remanded for the final judgment's

reinstatement. In doing so, the district court followed this Court's precedent and

receded from its own caselaw that adopted from the Third District the principle

that a default judgment based on a complaint that fails to state a cause of action is

void. Id. at 397, 400. The Fourth District held that although the complaint failed

to state a cause of action, the resulting default judgment was voidable, rather than

void. The district court explained that BNY Mellon was properly notified

throughout the proceedings and had ample opportunity to raise any pleading defects, as well as an opportunity to raise the issue on direct appeal. <u>Id.</u> at 400-01. "Because of the importance of this issue to the finality of judgments and the stability of property titles," <u>id.</u> at 401, the Fourth District certified conflict with the Third District's decision in <u>Moynet</u> and the First District's decision in <u>Southeast Land Developers</u>, which held that a default judgment is void and should be set aside when the underlying complaint fails to state a cause of action. <u>Se. Land Developers</u>, 28 So. 3d at 168; <u>Moynet</u>, 8 So. 3d at 378.

Construing and interpreting the Florida Rules of Civil Procedure and a trial court's inherent authority to protect judicial integrity in the litigation process is a pure question of law, subject to de novo review. <u>Pino v. Bank of N.Y.</u>, 121 So. 3d 23, 30-31 (Fla. 2013). We agree with the Fourth District that a default judgment, which is based on a complaint that fails to state a cause of action, is voidable, rather than void. <u>See</u> <u>La Mer Estates</u>, 137 So. 3d at 400. As we have previously stated:

> It is well settled that where a court is legally organized and has jurisdiction of the subject matter and the adverse parties are given the opportunity to be heard, then errors, irregularities or wrongdoing in proceedings, short of illegal deprivation of opportunity to be heard, will not render the judgment void.

<u>Curbelo v. Ullman</u>, 571 So. 2d 443, 445 (Fla. 1990).

First, the Fourth District properly recognized that the modern rules of civil procedure, and particularly Florida Rule of Civil Procedure 1.540(b), do not displace this Court's prior caselaw that defines a judgment that is void. See Curbelo, 571 So. 2d 443; State ex rel. Coleman v. Williams, 3 So. 2d 152 (Fla. 1941); Malone v. Meres, 109 So. 677 (Fla. 1926). Indeed, the purpose of rule 1.540(b) as recognized by this Court is to provide an exception to the rule of absolute finality by allowing relief under a limited set of circumstances. See Bane v. Bane, 775 So. 2d 938, 941 (Fla. 2000) (quoting Miller v. Fortune Ins. Co., 484 So. 2d 1221, 1223 (Fla. 1986)).

Second, failure to state a cause of action is a specific defense recognized by Florida Rules of Civil Procedure 1.140(b) and (h)(1) and (2). Rule 1.140(h) specifically provides in relevant part:

> (1)  A party waives all defenses and objections that the party does not present either by motion under subdivisions (b), (e), or (f) of this rule or, if the party has made no motion, in a responsive pleading except as provided in subdivision (h)(2).
> (2)  The defenses of failure to state a cause of action . . . may be raised . . . at the trial on the merits in addition to being raised either in a motion under subdivision (b) or in the answer or reply.

Fla. R. Civ. P. 1.140(h).  If a party is properly notified of pending proceedings, that party has the opportunity to raise a defense, such as failure to state a cause of action, in an answer, at trial, or at any time prior to final judgment.  Otherwise, that defense is deemed waived.  Fla. R. Civ. P. 1.140(h)(1).

In Southeast Land Developers and Moynet, the subject complaints failed to state a cause of action. Se. Land Developers, 28 So. 3d at 168; Moynet, 8 So. 3d at 378. Relying on Becerra v. Equity Imports, Inc., 551 So. 2d 486 (Fla. 3d DCA 1989), the First District in Southeast Land Developers and the Third District in Moynet declared the default judgments void and reversed the trial courts' orders that denied the motions to set aside or vacate those judgments. Se. Land Developers, 28 So. 3d at 168; Moynet, 8 So. 3d at 378.

The Fourth District correctly noted that Becerra never explicitly states that a default judgment based on a complaint that fails to state a cause of action is void, La Mer Estates, 137 So. 3d at 399, even though Southeast Land Developers and Moynet cited to Becerra for that precise principle. In addition, Southeast Land Developers and Moynet failed to demonstrate how rule 1.540(b) replaces this Court's precedent that defines a judgment as void.

In the present case, BNY Mellon was properly notified of the proceedings, the hearing on final judgment, and the entry of the final judgment. Id. at 400. Indeed, BNY Mellon was twice notified of the default judgment and failed to respond or appear at any hearings. As such, the bank had ample opportunity to raise the failure to state a cause of action either in an answer or at any time prior to final judgment pursuant to the Florida Rules of Civil Procedure and did not do so.

Thereafter, the bank "could have raised the issue on direct appeal," but similarly elected not to do so. Id. at 401.

Thus, the Fourth District properly reversed the trial court's order that rendered the default judgment in the present case void. Because we agree that the default judgment was voidable, Florida Rule of Civil Procedure 1.540(b) was not applicable, and therefore the default judgment could not be collaterally attacked one and one-half years later when BNY Mellon finally decided to respond. See Coleman, 3 So. 2d at 152-53 ("We do not think the judgment in this case was void. The declaration had been upheld by the trial court and final judgment was entered on the verdict of the jury after due notice and every opportunity the law affords was given the defendants to amend, plead, or offer their defense. They did not appear and let the time pass in which writ of error is available to them.").

Accordingly, we approve the Fourth District's decision in La Mer Estates and disapprove Southeast Land Developers and Moynet to the extent that these cases are inconsistent with this decision.

It is so ordered.

LABARGA, C.J., and PARIENTE, QUINCE, CANADY, and POLSTON, JJ., concur.
LEWIS, J., dissents with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

LEWIS, J., dissenting.

I cannot agree with the majority. I would accept and apply the well-reasoned principle of law that a default admits or establishes liability only as claimed and set forth in the pleading of the party seeking affirmative relief. Defaults operate to admit only well pleaded allegations which would support the relief requested. A default does not admit or establish facts not pleaded, not properly pleaded, or conclusions as opposed to facts. See N. Am. Accident Ins. Co. v. Moreland, 53 So. 635, 637 (Fla. 1910); Bd. of Regents v. Stinson-Head, Inc., 504 So. 2d 1374, 1375 (Fla. 4th DCA 1987); Williams v. Williams, 227 So. 2d 746, 748 (Fla. 2d DCA 1969). The failure to state a cause of action is not a mere formality or technical problem. Even if the allegations of a complaint are taken as true in a default, there is no basis for relief to be granted if a cause of action is not set forth in the pleading. Se. Land Developers, Inc., v. All Fla. Site & Utils., Inc., 28 So. 3d 166, 168 (Fla. 1st DCA 2010); Moynet v. Courtois, 8 So. 3d 377, 378 (Fla. 3d DCA 2009); Hooters of Am., Inc. v. Carolina Wings, Inc., 655 So. 2d 1231, 1233 (Fla. 1st DCA 1995).

For example, one may complain and allege that the moon is made of cheese and little green men are looking down, for which the complaining party under these allegations would be entitled to a default judgment which would support affirmative monetary relief if an answer was not timely filed. I think it is

- 8 -

dangerous precedent to utilize only the General Rules of Pleading Rule 1.110 and Defenses Rule 1.140, Florida Rules of Civil Procedure, in addressing the issues before us today. I would quash the decision of the Fourth District below and hold that a default admits or establishes only the properly pleaded allegations in the complaint and if these allegations as admitted based on the default do not state a cause of action for which relief can be granted, any subsequent judgment based on such non-existent cause of action is void.

Application for Review of the Decision of the District Court of Appeal - Certified Direct Conflict of Decisions

    Fourth District - Case No. 4D13-17

    (Broward County)

J. Randolph Liebler, Tricia Julie Duthiers, and Joshua Robert Levine of Liebler, Gonzalez & Portuondo, Miami, Florida,

    for Petitioner

Michael David Heidt of the Law Office of Gable & Heidt, Hollywood, Florida,

    for Respondent