PERRY, J.
The Bank of New York Mellon Corporation (“BNY Mellon” or “the bank”) seeks review of the decision of the Fourth District Court of Appeal in Condominium Ass’n of La Mer Estates, Inc. v. Bank of New York Mellon Corp., 137 So.3d 396 (Fla. 4th DCA 2014), which certified conflict with Southeast Land Developers, Inc. v. All Florida Site & Utilities, Inc., 28 So.3d 166 (Fla. 1st DCA 2010), and Moynet v. Courtois, 8 So.3d 377 (Fla. 3d DCA 2009), on the issue of whether a default judgment is void when the complaint upon which a judgment is based on fails to state a cause of action. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. For reasons provided below, we hold that a default judgment is voidable, rather than void, when the complaint upon which the judgment is based on fails to state a cause of action. We therefore approve the decision of the Fourth District in La Mer Estates and disapprove of the conflict cases to the *284 extent they "are inconsistent with this decision.
The Fourth District Court of Appeal summarized the case and underlying facts as follows:
Owners of a condominium in La Mer Estates executed a mortgage to BSM Financial in 2006. That mortgage went into default in 2008, and the mortgagors also defaulted on their condominium maintenance payments. Appellant, the Condominium Association of La Mer Estates, recorded a claim of lien for the unpaid assessments, filed an action to •foreclose its lien, and obtained a final judgment of foreclosure in July 2009. After the foreclosure judgment but before the foreclosure sale, appellee, Bank of New York Mellon, was assigned the mortgage securing the condominium unit. The association was the only bidder at the sale and received a certificate of title to the condominium unit.'
Concerned about the continuing unpaid monthly assessments, the association wrote to the bank offering to convey to it the title to the condominium, but. the bank did not respond. Several months later, the association filed a complaint to quiet title to the property, alleging its own title to the property; how it acquired its title; and that the mortgage assigned to the bank constituted a cloud on the association’s title. The association alleged that the bank had no bona fide interest or claim to the property.
The association served the bank and obtained a default. Although it also obtained a default final judgment, it moved to vacate the final judgment because of concerns that service was not properly made. The court vacated the judgment, and the complaint was served again on the bank. Again the bank did not respond and the clerk entered a new default. The association filed a new motion for entry of final judgment quieting title'. The bank was given notice and an opportunity to be heard but failed to 'appear at the 'hearing. The court entered a second judgment quieting title against the bank on February 10; 2011.
The bank' took no action for over one and a half years. Finally, on August 31, 2012, it moved pursuant to [Florida Rule of Civil Procedure] 1.540(b) to vacate the quiet title judgment on grounds that it was void because the complaint failed to state a cause of action to quiet title. The bank argued that.because it was void, the one year limitation which applied to the other grounds for relief under rule 1.540(b), did not apply. The bank argued that a complaint to quiet title must allege not only the association’s title to the property and how it obtained title, but must álso show why the bank’s claim of an interest in the property is invalid and not well founded, citing Stark v. Frayer, 67 So.2d 287, 239 (Fla.1953). The bank contended that it had a title interest superior to that of the association and that the association had not alleged facts which showed the bank’s title was invalid.
The trial court conducted a hearing and granted the motion to vacate on grounds that the judgment was void because the complaint failed to state a cause of action.
La Mer 'Estates, 137 So.3d at 397-98 (internal citations omitted). The Condominium Association of La Mer Estates appealed to the Fourth District Court of Appeal the order that vacated the final judgment.
The Fourth District reversed the order and remanded for the final judgment’s reinstatement. In doing so, the district court followed this Court’s precedent and receded from its own caselaw that adopted from the Third District the principle that a *285 default judgment based on a cbmplaint that fails to state a cause of action is void. Id. at 397, 400. The Fourth District held that although the complaint failed to state a cause of action, the resulting default judgment was voidable, rather than void. The district court explained that BNY Mellon was properly notified throughout the proceedings and had ample opportunity to raise any pleading defects, as well as an opportunity to raise the issue on direct appeal. Id. at 400-01. “Because of the importance of this issue to the finality of judgments and the stability of property titles,” id. at 401, the Fourth District certified conflict with the Third District’s decision in Moynet and the First District’s decision in Southeast Land Developers, which held that a default judgment is void and should be set aside when the underlying complaint fails to state a cause of action. Se. Land Developers, 28 So.3d at 168; Moynet, 8 So.3d at 378.
Construing and interpreting the Florida Rules of Civil Procedure and a trial court’s inherent authority to , protect judicial integrity in the litigation process is a pure question of law, subject to de novo review. Pino v. Bank of N.Y., 121 So.3d 23, 30-31 (Fla.2013). We agree with the Fourth District that a default judgment, which is based on a complaint that fails to state a cause of action, is voidable, rather than void. See La Mer Estates, 137 So.3d at 400. As we have previously stated:
It is well settled that where a court is legally organized and has jurisdiction of the subject matter and the adverse parties are given the opportunity to be heard, then errors, irregularities or wrongdoing in proceedings, short of illegal deprivation of opportunity to be heard, will not render the judgment void.
Curbelo v. Ullman, 571 So.2d 443, 445 (Fla.1990).
First, the Fourth District properly recognized that the modern rules of civil procedure, and particularly Florida Rule of Civil Procedure 1.540(b), do not displace this Court’s prior caselaw that defines a judgment'-that is void. See Curbelo, 571 So.2d 443; State ex rel. Coleman v. Williams, 147 Fla. 514, 3 So.2d 152 (1941); Malone v. Meres, 91 Fla. 709, 109 So. 677 (1926). Indeed, the purpose of rule 1.540(b) as recognized by this Court is to provide an exception to the rule of absolute finality by allowing relief under a limited set of circumstances. See Bane v. Bane, 775 So.2d 938, 941 (Fla.2000) (quoting Miller v. Fortune Ins. Co., 484 So.2d 1221, 1223 (Fla.1986)).
Second, failure to staté a cause of action is a specific defense recognized by Florida Rules of Civil Procedure 1.140(b) and (h)(1) and (2). Rule 1.140(h) specifically provides in relevant part:
(1) A party waives all defenses and objections that the party does not present either by motion under subdivisions (b), (e), ór (f) of this rule or, if the party has made no motion, in a responsive pleading except as provided in subdivision (h)(2).
(2) The defenses of failure to state a cause -of action ... may be raised ... at the trial on the merits in addition to being raised either in a motion under subdivision (b) or in the answer or reply.
Fla. R. Civ. P.' 1.140(h). -If a party- is properly notified of pending proceedings, that party has the opportunity to raise a defense, such as failure to state a cause of action,, in an answer, at trial, or at any time prior to final judgment. ..Otherwise, that defense is deemed waived. Fla. R. Civ. P. 1.140(h)(1).
In Southeast Land Developers and Moy-net, the subject complaints failed to state a cause of action. Se. Land Developers, 28 *286 So.3d at 168; Moynet, 8 So.3d at 378. Relying on Becerra v. Equity Imports, Inc., 551 So.2d 486 (Fla. 3d DCA 1989), the First District in Southeast Land Developers and the Third District in Moynet declared the default judgments void and reversed the trial courts’ orders that denied the motions to set aside or vacate those judgments. Se. Land Developers, 28 So.3d at 168; Moynet, 8 So.3d at 378.
The Fourth District correctly noted that Becerra never explicitly states that a default judgment based on a complaint that fails to state a cause of action is void, La Mer Estates, 137 So.3d at 399, even though Southeast Land Developers and Moynet cited to Becerra for that precise principle. In addition, Southeast Land Developers and Moynet failed to demonstrate how rale 1.540(b) replaces this Court’s precedent that defines a judgment as void.
In the present case, BNY Mellon was properly notified of the proceedings, the hearing on final judgment, and the entry of the final judgment. Id. at 400. Indeed, BNY Mellon was twice notified of the default judgment and failed to respond or appear at any hearings. As such, the bank had ample opportunity to raise the failure to state a cause of action either in an answer or at any time prior to final judgment pursuant to the Florida Rules of Civil Procedure and did not do so. Thereafter, the bank “could have raised the issue on direct appeal,” but similarly elected not to do so. Id. at 401.
Thus, the Fourth District properly reversed the trial court’s order that rendered the default judgment in the present case void. Because we agree that the default judgment was voidable, Florida Rule of Civil Procedure 1.540(b) was not applicable, and therefore the default judgment could not be collaterally attacked one and one-half years later when BNY Mellon finally decided to respond. See Coleman, 3 So.2d at 152-53 (“We do not think the judgment in this case was void. The declaration had been upheld by the trial court and final judgment was entered on the verdict of the jury after due notice and every opportunity the law affords was given the defendants to amend, plead, or offer their defense. They did not appear and let the time pass in which writ of error is available to them.”).
Accordingly, we approve the Fourth District’s decision in La Mer Estates and disapprove Southeast Land Developers and Moynet to the extent that these cases are inconsistent with this decision.
It is so ordered.
LABARGA, C.J., and PARIENTE, QUINCE, CANADY, and POLSTON, JJ., concur.
LEWIS, J., dissents with an opinion.