LEWIS, J.,
dissenting.
I cannot agree with the majority. I would accept and apply the well-reasoned principle of law that a default admits or establishes liability only as claimed and set forth in the pleading of the party seeking affirmative relief. Defaults operate to admit only well pleaded allegations which would support the relief requested. A default does not admit or establish facts not pleaded, not properly pleaded, or conclusions as opposed to facts. See N. Am. Accident Ins. Co. v. Moreland, 60 Fla. 153, 53 So. 635, 637 (1910); Bd. of Regents v. Stinson-Head, Inc., 504 So.2d 1374, 1375 (Fla. 4th DCA 1987); Williams v. Williams, 227 So.2d 746, 748 (Fla. 2d DCA 1969). The failure to state a cause of action is not a mere formality or technical problem. Even if the allegations of a complaint are taken as true in a default, there is no basis for relief to be granted if a cause of action is not set forth in the pleading. Se. Land Developers, Inc. v. All *287 Fla. Site & Utils., Inc., 28 So.3d 166, 168 (Fla. 1st DCA 2010); Moynet v. Courtois, 8 So.3d 377, 378 (Fla. 3d DCA 2009); Hooters of Am., Inc. v. Carolina Wings, Inc., 655 So.2d 1231, 1233 (Fla. 1st DCA 1995).
For example, one may complain and allege that the moon is made of cheese and little green men are looking down, for which the complaining party under these allegations would be entitled to a default judgment which would support affirmative monetary relief if an answer was not timely filed. I think it is dangerous precedent to utilize only the General Rules of Pleading Rule 1.110 and Defenses Rule 1.140, Florida Rules of Civil Procedure, in addressing the issues before us today. I would quash the decision of the Fourth District below and hold that a default admits or establishes only the properly pleaded allegations in the complaint and if these allegations as admitted based on the default do not.state a cause of action for which relief can be granted, any subsequent judgment based on such non-existent cause of action is void.