COPE, J.
Josephine Pardo appeals an order denying her motion for relief from judgment. We reverse.
The Decoplage Condominium Association, Inc. brought a successful injunction action to prohibit the use of unit 623 for commercial purposes. The defendants were appellant Josephine Pardo, the former owner of the unit; her daughter, Beatrice, the owner at the time of the suit; and Jose Nino, the tenant. The Decoplage contended that the tenant was conducting a real estate business from his unit, in violation of condominium rules. The injunction was affirmed on appeal without opinion. Nino v. The Decoplage Condominium Ass’n, Inc., 773 So.2d 553 (Fla. 3d DCA 2000).
The Decoplage moved for attorney’s fees under the condominium statute. See § 718.303, Fla. Stat. (1997). Counsel for The Decoplage prepared a judgment for its attorney’s fees, to which counsel for defendants agreed. The trial court entered the agreed judgment which was an award of $25,856 against all three defendants, jointly and severally.
Eventually, defendant Josephine Pardo became aware that this judgment had been entered against her. She retained new counsel and moved for relief from judgment. The trial court denied relief, and defendant Josephine Pardo has appealed.
Ms. Pardo argues, and The Deco-plage does not dispute, that there is no legal basis for the entry of this judgment against her. That is so because Ms. Pardo had sold her condominium unit to her daughter over two years prior to The De-coplage’s filing of the instant lawsuit in 1998. The deed had been duly recorded. The injunction did not enter any relief against Josephine Pardo, but was directed only to defendants Jose Nino and Beatrice Pardo.
We will indulge the presumption that trial counsel for The Decoplage would not knowingly prepare a final judgment which would grant relief against a party, when there was no legal basis for relief against that party. The record is clear that trial counsel for defendants simply failed to note that Josephine Pardo had been included in the judgment when she should have been excluded. This amounts to the sort of “mistake” which justifies relief under Florida Rule of Civil Procedure 1.540(b). See Curbelo v. Ullman, 571 So.2d 443, 445 (Fla.1990); Meyer v. Scutieri, 539 So.2d 602, 603 (Fla. 3d DCA 1989).
As an alternative basis of relief, trial counsel agreed to the entry of judgment against Josephine Pardo without consulting her. This amounted to a settlement made without authority — which Ms. Pardo is permitted to disavow. See Cross-Aero Corp. v. Cross-Aero Service Corp., 326 So.2d 249 (Fla. 3d DCA 1976).
For the stated reasons, the order under review is reversed and the cause remanded with directions to vacate the attorney’s fee judgment as to Josephine Pardo.*

 We would have hoped that The Decoplage would have consented to vacate the judgment *784 as to Josephine Pardo rather than necessitating litigation of the issue. The Decoplage's appellate counsel was not trial counsel.