987 So.2d 175 (2008)
Keith D. BELCOURT, Appellant,
v.
Rebekah M. HARACZKA and The Lounge, Inc., Appellees.
No. 1D07-2366.
District Court of Appeal of Florida, First District.
July 17, 2008.
*176 Leslie D. Sheekley, of Chesser & Barr, P. A., Destin, for Appellant.
John Colowich, Destin, for Appellees.
PER CURIAM.
Appellant Keith Belcourt appeals the trial court's order summarily denying his motion to vacate a default judgment. He presents several arguments for reversal of the order, however we find merit in only one.
Appellant asserts that the trial court erred in awarding appellee $60,221.70 in unliquidated damages without providing him sufficient notice or a full evidentiary hearing on the matter. We agree. "A defaulting party has a due process entitlement to notice and an opportunity to be heard as to the presentation and evaluation of evidence necessary to a judicial determination of the amount of unliquidated damages." Security Bank, N.A. v. BellSouth Adver. & Publ'g Corp., 679 So.2d 795, 800 (Fla. 3d DCA 1996) (citing Bowman v. Kingsland Dev., Inc., 432 So.2d 660 (Fla. 5th DCA 1983)); see also Fla. R. Civ. P. 1.440(c) ("If the court finds the action ready to be set for trial, it shall enter an order fixing a date for trial. Trial shall be set not less than 30 days from the service of the notice for trial.... In actions in which the damages are not liquidated, the order setting an action for trial shall be served on parties who are in default in accordance with rule 1.080(a).").
In this case, appellant was not provided sufficient notice of the hearing to determine damages, as required by Florida Rule of Civil Procedure 1.440(c). Therefore, we REVERSE the final judgment and REMAND this case to the circuit court for further proceedings on the relief requested by appellee Rebekah Haraczka in the complaint.
DAVIS, VAN NORTWICK, and POLSTON, JJ., concur.