PALMER, C.J.
Scott and Cynthia Krueger appeal the order entered by the trial court setting aside a default final judgment which had been entered in their favor. Concluding that damages claimed by the Kruegers were liquidated, we reverse the order setting aside the default final judgment except as to the Kruegers’ claims for attorney’s fees and costs.
The Kruegers filed a complaint against Paul and Marlene Ponton. Pertinent to this appeal, the Kruegers sought treble damages for a bad check pursuant to section 68.065 of the Florida Statutes (2004).
According to the complaint, the Krueg-ers and the Pontons entered into a contract for the sale of the Kruegers’ condominium. The Pontons presented the Kruegers with a $10,000.00 check written to Signature GMAC (the escrow agent) as a deposit to be placed in escrow. The check was returned for insufficient funds. The parties’ real estate contract provided that if the buyers failed to perform the contract the deposit paid by the buyers would be retained by and for the account of sellers as liquidated damages.
The Kruegers obtained a default against the Pontons based on their failure to file or serve a responsive pleading within the time allowed by law. Subsequently, a default final judgment was entered awarding the Kruegers actual damages of $10,000.00, plus statutory treble damages of $80,000.00, together with attorney’s fees and costs.
Nearly a year after the final judgment was entered, the Pontons filed a motion seeking to set aside the default and default final judgment. The motion alleged: (1) misrepresentation as to the amount of damages by the Kruegers pursuant to Florida Rule of Civil Procedure 1.540(b)(3); (2) the judgment was void pursuant to Florida Rule of Civil Procedure 1.540(b)(4); (3) the Pontons were entitled to receive notice of the hearing on damages but were not provided with notice; (4) the judgment awarded attorney’s fees without reflecting any findings with respect to reasonable hourly rate or reasonable hours expended; and, (5) the right to challenge the default and default judgment on any other grounds.
At the hearing on their motion to set aside the default final judgment, the Pon-tons admitted that they were not filing their motion to vacate the default final judgment on the basis of mistake, excusable neglect or meritorious defense. Instead, the Pontons argued that the judgment was either a void judgment or a judgment entered under a misrepresentation that the Kruegers were entitled to recover treble damages, since the Krueg-ers were not the payees of the check. Krueger countered that they were the third-party beneficiaries under the real estate contract and, therefore, they were entitled to make a claim for treble damages under section 68.065 of the Florida Statutes.
After considering the arguments presented at the hearing, the trial court issued a written order setting aside the default final judgment. The order stated as follows:
ORDERED AND ADJUDGED that Defendants’ Motions to Set Aside Default and Default Judgment is granted in part and denied in part as follows:
1. The final judgment is set aside pursuant to Fla. R. Civ. P. 1.540(b)(4), as it is a void judgment. The judgment awarded treble damages and attorney’s fees pursuant to § 68.065, Fla. Stat. *1261 Plaintiffs failed to state a cause of action because Plaintiffs did not allege that they were the payees of the dishonored check at issue, that the check was delivered to Plaintiffs, or that Plaintiffs were the holders of the check. The check was made payable to and delivered to Signature GMAC, a real estate agency, and not to Plaintiffs. Furthermore, the judgment awarded statutory damages and attorney’s fees against Paul E. Pon-ton, Jr., while it is clear on the face of the check that he was neither the maker nor the drawer of the check.
2. The notice of hearing for the proceeding that resulted in judgment shows on its face that it was not served on Defendants. Since the damages were unliquidated, Defendants were entitled to notice of the hearing at least as to the issue of damages.
3. The clerk’s default is not set aside.
4. The Court reserves jurisdiction to conduct a trial on the issue of damages, and any appropriate post-trial proceedings.
On appeal, the Kruegers contend that the trial court erred in concluding that the default final judgment was a void judgment due to the complaint’s failure to state a valid cause of action. We agree.
On proper motion, trial courts must set aside void judgments. Johnson v. State, Dept. of Revenue ex rel. Lamontagne, 973 So.2d 1236 (Fla. 1st DCA 2008). However, a distinction exists between a judgment that is void and one that is voidable; a “void judgment” is so defective that it is deemed never to have had legal force and effect, while a “voidable judgment” is a judgment that has been entered based upon some error in procedure that allows a party to have the judgment vacated, but the judgment has legal force and effect unless and until it is vacated. Sterling Factors Corp. v. U.S. Bank Nat. Ass’n, 968 So.2d 658 (Fla. 2d DCA 2007). Where a court is legally organized and has jurisdiction of the subject matter and the adverse parties are given an opportunity to be heard, then errors, irregularities, or wrongdoing in proceedings, short of illegal deprivation of opportunity to be heard, will not render the judgment void. Phenion Development Group, Inc. v. Love, 940 So.2d 1179 (Fla. 5th DCA 2006).
Here, the trial court erred in deeming the default final judgment void. Instead, the judgment was “voidable” based on an alleged non-eognizable cause of action.[1]
In its order setting aside default final judgment, the trial court also erred in concluding that all the damages were un-liquidated.
A defaulting party has a due process entitlement to receive notice and an opportunity to be heard as to the presentation and evaluation of evidence necessary to a judicial determination of the amount of unliquidated damages. Belcourt v. Haraczka, 987 So.2d 175 (Fla. 1st DCA 2008). Damages are “liquidated damages” when the proper amount to be awarded can be determined with exactness from the cause of action as pleaded by an arithmetical calculation or by application of definite rules of law. Cellular Warehouse, Inc. v. GH Cellular, LLC, 957 So.2d 662 (Fla. 3d DCA 2007).
*1262 Here, the Kruegers’ complaint alleged that their damages were the $10,000.00 amount of the check plus treble damages as set forth under the statute. These damages were liquidated because they could be determined with exactness. As such, the default judgment entered thereon was proper. However, the Krueg-ers’ claim for unspecified attorney’s fees and costs sought an award of unliquidated damages; therefore, the Pontons were entitled to receive notice and an evidentiary hearing on said claim. See Cellular Warehouse, Inc. v. GH Cellular, LLC, 957 So.2d 662 (Fla. 3d DCA 2007)(holding claims for reasonable attorney’s fees are considered unliquidated damages).
Accordingly, we affirm the order to the extent that it set aside the judgment awarding unliquidated attorney’s fees and costs but reverse the trial court’s order otherwise setting aside the default final judgment.
AFFIRMED in part, REVERSED in part, and REMANDED.
MONACO and COHEN, JJ., concur.

. The Pontons could have challenged the final judgment by filing a timely motion for rehearing or a direct appeal. See Sterling Factors Corp. v. U.S. Bank Nat. Ass’n, 968 So.2d 658 (Fla. 2d DCA 2007)(holding a voidable judgment can be challenged by motion for rehearing or appeal and may be subject to collateral attack under specific circumstances, but it cannot be challenged at any time as void under rule governing relief from judgment).