# Third District Court of Appeal

## State of Florida

Opinion filed September 6, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2227
Lower Tribunal No. 13-36703
_____

**Iman Emami,**
Appellant,

vs.

**Progressive Brands, Inc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Monica Gordo, Judge.

Weiss Serota Helfman Cole & Bierman, P.L., and Roger S. Kobert, for appellant.

Gerson M. Joseph, P.A., and Gerson M. Joseph (Weston), for appellee.

Before ROTHENBERG, C.J., and SUAREZ and SCALES, JJ.

SCALES, J.

Appellant, defendant below, Iman Emami appeals a final default judgment entered in favor of appellee, plaintiff below, Progressive Brands, Inc. ("Progressive"). Because the trial court failed to give Emami an opportunity to contest damages before entering the final default judgment, we hold that the judgment is void and reverse.

## Relevant Facts and Procedural Background

In November 2013, Progressive filed the instant action against several defendants in the Miami-Dade Circuit Court, including Emami. As the case progressed, Progressive dismissed one defendant; another corporate defendant, Eastgate Tobacco Company, LLC, stipulated to entry of a $247,620.88 judgment against it. The only claims then remaining were Progressive's claims against Emami for fraud (count II) and to impose individual liability on Emami by piercing the corporate veil of Eastgate (count IV).[1] Emami's initial lawyer withdrew from the case in August 2014, and in November 2014, Emami's new lawyer, Kramer Huy, P.A. ("Kramer") filed an Answer and Affirmative Defenses to Progressive's Amended Complaint.

In July 2015, Progressive served Emami with interrogatories, requests for admissions and requests for production. Pursuant to Florida Rule of Civil

[1] Progressive's Amended Complaint alleged that Emami was a member, and is now the manager, of Eastgate. Emami denied this allegation in his Answer, later averring by affidavit that he is the president of a French company, which is the parent company of a Florida corporation, which is the parent company of Eastgate.

2

Procedure 1.080(a) and Florida Rule of Judicial Administration 2.516(b),[2] Progressive served Emami with this discovery by serving Kramer. The record reflects that Kramer forwarded the discovery to Emami via e-mail.[3] The record also reflects that Progressive's counsel requested Kramer to provide dates for Emami's deposition. No discovery responses were ever provided to Progressive, and Kramer never provided deposition dates to Progressive's counsel.

On September 2, 2015, Kramer informed Progressive's counsel of Kramer's intent to withdraw from representation of Emami. That same day, Progressive filed a motion to compel discovery and for sanctions, noting therein that Kramer intended to withdraw as Emami's counsel, and that Progressive would not set the September 2 motion for hearing until after Kramer had a reasonable time both to inform Emami of Progressive's September 2 motion, and to file his motion to withdraw. On September 21, 2015, Progressive served Kramer with a notice setting an October 5, 2015 hearing date on its September 2 motion. Also on September 21, Kramer filed his motion to withdraw as Emami's counsel, but did not set that motion for hearing.

---

[2] These rules provide that, when service is required to be made upon a party represented by an attorney, service must be made upon the attorney, unless otherwise ordered by the trial court. See Fla. R. Civ. P. 1.080(a); Fla. R. Jud. Admin. 2.516.

[3] The record reflects that, at all times material, Emami resided in France.

On October 2, 2015, Progressive's counsel purportedly sent Kramer an e-mail asking if Emami would be opposing Progressive's September 2 motion, and Kramer purportedly responded to this e-mail notifying Progressive that Emami would not be opposing Progressive's September 2 motion.[4] Based on Kramer's representation, Progressive's counsel dispensed with the October 5, 2015 hearing, and, instead submitted to the trial court an Agreed Order Granting Plaintiff's Motion to Compel. This order, signed by the trial court on October 5, required Emami to provide the discovery responses and deposition dates to Progressive's counsel within ten days. No sanctions were imposed in this October 5 Agreed Order.

Having received neither the discovery responses nor deposition dates from Emami (or Kramer), on October 21, 2015, Progressive moved for a default against Emami as a sanction for failing to comply with the trial court's October 5 Agreed Order. That same day, Progressive noticed its October 21 motion for default for a November 2, 2015 hearing.

Prior to the November 2 hearing, on October 29, 2015, Progressive's counsel sent Kramer an e-mail asking whether Kramer will be setting his motion to withdraw for hearing, and whether Kramer will be attending the November 2, 2015 hearing to oppose Progressive's motion. Later on October 29, Kramer's office

[4] Neither Progressive's October 2, 2015 e-mail, nor Kramer's alleged response to same, are in the record on appeal.

responded to the e-mail by stating: "Mr. Kramer will not be attending Monday's hearing and he has no objection to your motion for default."

At the November 2, 2015 hearing,[5] the trial court entered an order granting Progressive's motion for default, therein (i) finding Emami's conduct was deliberate and contumacious, (ii) entering a default against Emami,[6] (iii) stating that damages would be determined separately at a hearing to be held on a later date, and (iv) inviting Progressive to file the appropriate motion to fix damages so that a final default judgment could be entered.[7]

Later on November 2, 2015, Progressive filed a Motion for Final Judgment after Default, in which Progressive sought $263,287.04 in damages, plus costs and interests. Progressive's November 2 motion also included an affidavit of damages (and other allegations) from Progressive's principal. That same day, Progressive noticed its November 2 motion for hearing on November 9, 2015.

---

[5] There is no transcript from this hearing.

[6] While not explicit in this order, the trial court implicitly must have stricken Emami's November 2014 Answer and Affirmative Defenses in order to enter the default against Emami.

[7] The two claims against Emami for fraud (count II) and to pierce the corporate veil of Eastgate (count IV) were pending when default was entered. While it is unclear both from the November 2 default order, and Progressive's ensuing Motion for Final Judgment after Default, which claims were resolved in these proceedings, we presume that the trial court defaulted Emami on both claims in its November 2 order.

5

For reasons that are not clear from the record, the following day, on November 3, 2015, Progressive filed a second Motion for Final Judgment after Default that is identical to the motion Progressive filed the prior day, except that the word "UNOPPOSED" was added as the first word to the motion's caption. Similarly, on November 4, 2015, for reasons that are again unclear, Progressive filed a third, identical Motion for Final Judgment after Default that also included the word "UNOPPOSED" as the caption's first word. Based on Kramer's October 29 email to Progressive's counsel, in each of its three motions seeking final default judgment, Progressive characterized its October 21 motion for default as "unopposed."

On November 5, 2015, without conducting the hearing which had been set for November 9—the one expressly referenced in its November 2 order granting Progressive's motion for default—the trial court entered a final default judgment against Emami in the principal amount of $263,287.04, plus costs and interests. While the judgment contains no insight as to why the previously noticed November 9 hearing was cancelled, the trial court apparently dispensed with the November 9 hearing after being "informed" of the alleged "UNOPPOSED" nature of the final default judgment.

Later that same day, Emami's new counsel, Weiss Serota Helfman Cole & Bierman, P.L. ("Weiss Serota"), filed its notice of appearance as Emami's co-

6

counsel. Weiss Serota's notice also included a letter to the trial judge informing her that Emami had never authorized Kramer to consent to entry of any orders, including an order granting a default against Emami. Apparently unaware that the trial court had already signed the final default judgment provided to her by Progressive, the letter further urged the trial court "**not to enter the proposed 'unopposed' judgment against Mr. Emami**" as Progressive's Unopposed Motion for Judgment after Default was, indeed, opposed.

On November 20, 2015, Emami, through his new counsel, Weiss Serota,[8] filed a motion seeking rehearing and to vacate the November 5, 2015 final default judgment. This motion argued that the final default judgment should be vacated because it was the result of excusable neglect. The motion also stressed that "Progressive's motion for final [default] judgment was entered just hours before undersigned counsel could file a notice of appearance and submit a letter via e-courtesy imploring the Court not to enter the contested judgment . . . ." Emami's affidavit was appended to the motion. In it, Emami asserted, among other things, that, "I did not know or understand until very recently, when I received a motion by Mr. Kramer to withdraw as my lawyer, that an order punishing me was signed by this Court. I also did not know that I was being punished for failing to answer

---

[8] On November 16, 2015, the trial court held a hearing on Kramer's September 21, 2015 motion to withdraw, and granted the motion without objection.

questions, or that that was even a possibility. None of this was explained to me, as far as I know."

On June 6, 2016, the trial court conducted a hearing on Emami's November 20, 2015 rehearing/vacatur motion at which Emami's counsel argued, for the first time, that the final default judgment was void because Kramer lacked the authority to consent to the entry of either the November 2, 2015 default or the November 5, 2015 final default judgment. The trial court ordered additional briefing on this issue, and, on August 23, 2016, entered an order denying Emami's motion for rehearing and to vacate the November 5, 2015 final default judgment.

Emami appeals both the final default judgment and the trial court's denial of his motion for rehearing and to vacate same.

## Standard of Review

This Court reviews the denial of a motion to vacate a final judgment for an abuse of discretion; however, where the final judgment is void, the lower court has no discretion and is obligated to vacate the judgment. See Vercosa v. Fields, 174 So. 3d 550, 552 (Fla. 4th DCA 2015). Whether a judgment is void is a question of law reviewed de novo. Infante v. Vantage Plus Corp., 27 So. 3d 678, 680 (Fla. 3d DCA 2009) ("The standard of review of an order that vacates a final judgment by default as void for a complaint's failure to state a cause of action is de novo.").

## Analysis

8

It is well settled in Florida that a defaulting party shall be afforded the opportunity to contest damages. See Fla. R. Civ. P. 1.440(c) ("In actions in which the damages are not liquidated, the order setting an action for trial shall be served on parties who are in default in accordance with rule 1.080."); Ciprian-Escapa v. City of Orlando, 172 So. 3d 485, 488 (Fla. 5th DCA 2015) ("[I]t is fundamental error to set unliquidated damages without the notice, proof, and hearing required by rule 1.440(c)."); Belcourt v. Haraczka, 987 So. 2d 175, 176 (Fla. 1st DCA 2008) ("A defaulting party has a due process entitlement to notice and an opportunity to be heard as to the presentation and evaluation of evidence necessary to a judicial determination of the amount of unliquidated damages." (quoting Sec. Bank, N.A. v. BellSouth Adver. & Publ'g Corp., 679 So. 2d 795, 800 (Fla. 3d DCA 1996))). In furtherance of this well-established principle, this Court finds the final default judgment is void as a matter of law because Emami was not afforded an opportunity to contest damages prior to its entry.

The trial court entered its default order on November 2, 2015, ostensibly on the basis that the default was unopposed. The trial court's November 2 order expressly and unambiguously conditioned entry of a judgment on Progressive's submission of an appropriate motion.[9] That same day, accepting the trial court's

---

[9] The November 2 default order states, "Plaintiff's Motion for Default Against Defendant Emami is **GRANTED**, Damages to be determined separately at a hearing on a Motion for Final Judgment against Defendant Emami."

9

invitation, Progressive moved for a final default judgment, attaching an affidavit of damages, and noticed the motion for a hearing. For unclear reasons, Progressive then filed two, identical "UNOPPOSED" motions, which purported to negate the necessity of holding a hearing. Because Progressive's Motion for Final Judgment after Default was seemingly "UNOPPOSED," the trial court understandably entered a final default judgment without holding the previously scheduled November 9 hearing.

Immediately after the final default judgment was entered, Emami, under the guidance of new counsel, advised the lower court that Progressive's motion was, in fact, opposed, and moved for rehearing and to vacate the final default judgment. Under these circumstances, we hold that the trial court reversibly erred by failing to vacate the final default judgment as void. Immediately upon being informed that Emami opposed the entry of the final default judgment, the trial court should have taken the steps necessary to protect Emami's due process rights and rescheduled the hearing on damages that had previously been set for November 9, 2015.

While obviously unintended, and presumably based on a misunderstanding, Emami was deprived of his right to contest damages under Florida law. See Krueger v. Ponton, 6 So. 3d 1258, 1261 (Fla. 5th DCA 2009) ("A defaulting party has a due process entitlement to receive notice and an opportunity to be heard as to

10

the presentation and evaluation of evidence necessary to a judicial determination of the amount of unliquidated damages."); <u>Boulus v. Yung Sheng Xiamen Yong Chem. Indus. Co.</u>, 855 So. 2d 665, 667 (Fla. 4th DCA 2003) (finding that, after a default was entered against the defendant as to liability in a breach of contract action, the "trial court erred in denying [the defendant's] motion to set aside the default final judgment on the issue of unliquidated damages"); <u>see also</u> <u>Premise, Inc. v. Withlacoochee River Elec. Coop., Inc.</u>, 215 So. 3d 123, 124 (Fla. 2d DCA 2017) (providing that Florida Rule of Civil Procedure 1.440(c) requires an evidentiary hearing on claims for unliquidated damages against parties in default).

### Conclusion

Under these facts, we hold that the final default judgment is void for failure to afford Emami an opportunity to contest damages. We therefore vacate the November 5, 2015 final default judgment, reverse, and remand this cause for an evidentiary hearing on Progressive's contested November 2, 2015 Motion for Entry of Judgment after Default.[10]

---

[10] We do not disturb the trial court's November 2 default order. We agree with the trial court that Kramer's October 29, 2015 email stating "he has no objection to your motion for default" is significantly different from a party's attorney's unauthorized stipulations and settlements rejected in <u>Noeling v. State</u>, 87 So. 2d 593 (Fla. 1956), <u>Kramer v. City of Lakeland</u>, 38 So. 2d 126 (Fla. 1948), <u>Pardo v. The Decoplage Condominium Ass'n</u>, 833 So. 2d 782 (Fla. 3d DCA 2002), <u>Cross-Aero Corp. v. Cross-Aero Service Corp.</u>, 326 So. 2d 249 (Fla. 3d DCA 1976), <u>Bursten v. Green</u>, 172 So. 2d 472 (Fla. 2d DCA 1965), and <u>Palm Beach Royal Hotel, Inc. v. Breese</u>, 154 So. 2d 698 (Fla. 2d DCA 1963).

Judgment vacated; reversed and remanded for further proceedings consistent with this opinion.